[L. A. No. 2009.   In Bank.—July 8, 1907.]

JAMES T. ARWINE, Petitioner, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA, and J. C. KING et al., Members of said Board, Respondents.

PHYSICIANS AND SURGEONS—CERTIFICATE TO PRACTICE—ACT OF 1901.— The right of an applicant to a certificate to practice medicine and surgery in the state of California depends upon his compliance with the provisions of the act of 1901 (p. 56) regulating such practice.

ID.—SUFFICIENCY OF CERTIFICATES FROM OTHER STATES.—Under sections 5 and 6 of that act an applicant who has successfully passed the examination required by the state board of medical examiners, and who produces certificates or licenses to practice medicine and surgery granted to him by the boards of examiners of the District of Columbia and the state of Indiana, is not entitled to have a certificate issued to him in this state in the absence of a showing that either of such other boards granted licenses "only upon actual examination," or that the legal requirements of either of said boards were at the time it issued the certificate in no degree or particular less than those of California at the time when such certificates were presented for registration.

ID.—DIPLOMA FROM MEDICAL SCHOOL—SUFFICIENCY OF BURDEN OF PROOF —MANDAMUS.—In a proceeding for a writ of mandate to compel the state board of medical examiners to issue a certificate to practice medicine and surgery to an applicant who had successfully passed the examination required by that board, and who had likewise produced to the board a diploma issued to him by a particular medical school, the burden of proof is on the applicant when issue

is taken thereon to show that for the year in which the diploma was issued the requirements of that medical school were in no particular less than those prescribed by the Association of American Medical Colleges for that year. In the absence of such proof, the diploma is insufficient under the requirements of the act of 1901 to entitle the applicant to a certificate.

ID.—DELEGATION OF LEGISLATIVE POWER TO ASSOCIATION OF MEDICAL COLLEGES.—The provision of that act authorizing the acceptance of only such a diploma as is issued by some legally chartered medical school, "the requirements of which medical school shall have been at the time of granting such diploma, in no particular less than those prescribed by the Association of American Medical Colleges for that year," is not a delegation of legislative power to such association, or void for that reason.

ID.—PASSING SUCCESSFUL EXAMINATION—DIPLOMA OR LICENSE NECESSARY.—Under that act an applicant is not entitled to a certificate merely upon his satisfactorily passing the examination required by the state board. A diploma or license coming up to the requirements of the act is essential in every case to the right to a certificate.

APPLICATION for a Writ of Mandate to the Board of Medical Examiners of the State of California and to the members of said board.

The facts are stated in the opinion of the court.

Wallace W. Wideman, and Benjamin P. Welch, for Petitioner.

William C. Tait, George B. Becke, Charles S. Wheeler, and J. F. Bowie, for Respondents.

ANGELLOTTI, J.—This is an application for a writ of *mandamus* directed to the defendants requiring them to issue to the plaintiff a certificate to practice medicine and surgery in the state of California. The application was originally made to the district court of appeal for the second district. The matter was submitted for decision to that court upon the affidavits filed by plaintiff at the institution of the proceeding and the verified answer of the defendants thereto. That court gave judgment for plaintiff, directing the issuance of the writ as prayed. In its opinion, that court found as a fact that plaintiff had successfully passed the examination required by the provisions of the act for the regulation of the practice of

medicine and surgery.  (Stats. 1901, p. 56.)   On petition for a
hearing in this court, an order was made by us vacating such
judgment and directing that the proceeding be heard and de-
termined by this court.  The matter has now been submitted
to us for decision, as it was to the district court of appeal, upon
the affidavits and answer, and the stipulation of counsel for de-
fendants, made upon the oral argument, that as to the facts of
the case the opinion of the district court of appeal may be ac-
cepted as correct.

The right of the plaintiff to the certificate sought by him
was dependent upon his compliance with the provisions of the
act already referred to.   That act required that, in order to
procure such certificate, he must produce before the board of
medical examiners, in addition to satisfactory testimonials of
good moral character, a ''diploma issued by some legally char-
tered medical school, the requirements of which medical school
shall have been at the time of granting such diploma, in no par-
ticular less than those prescribed by the Association of Amer-
ican Medical Colleges for that year, or satisfactory evidence of
having possessed such a diploma, or a license from some legally
constituted institution which grants medical and surgical
licenses only upon actual examination, or satisfactory evidence
of having possessed such a license.''   It further required that,
in addition to the presentation of such credentials, the appli-
cant must be personally examined by such board of medical
examiners and successfully pass such examination.  It further
provided that such board might in its discretion accept and
register, without examination of the applicant, any certificate
which shall have been issued to the applicant by the medical
examining board of the District of Columbia or any state or
territory of the United States, provided that the legal require-
ments of such medical examining board shall have been at the
time of issuing such certificate in no degree or particular less
than those of California at the time when such certificate shall
be presented for registration to the board created by this act.
(Secs. 5 and 6 of said act.)

The affidavits filed by plaintiff in instituting this proceeding
contained allegations showing a sufficient compliance with these
provisions to entitle him to a certificate.   These allegations
were denied by the answer in two material matters,—viz. as
to the sufficiency of the credentials presented by him with his

application for a certificate, and as to the satisfactory character of his examination as to qualifications.

Upon the question as to the satisfactory character of the examination, we shall assume that the issue must be determined in favor of plaintiff under the stipulation of defendants' counsel as to the effect to be given to the opinion of the district court of appeal relating to the facts of the case. In this regard, the ultimate fact was as to whether or not the plaintiff had successfully passed the examination, and the district court of appeal explicitly found "that the plaintiff's examination was successful."

In the matter of credentials, the only documents alleged by the affidavits to have been produced to the board of medical examiners were,—1. A diploma issued to plaintiff from the medical department of the University of the South, at Sewanee, Tennessee, which was alleged to be a legally chartered medical school, the requirements of which at the time of granting the diploma were in no material particular less than those prescribed by the Association of American Medical Colleges for that year; and 2. Certificates or licenses to practice medicine and surgery granted by the boards of examiners of the District of Columbia and the state of Indiana.

As to the latter, it was not alleged, nor does it otherwise appear, that either of such boards granted licenses "only upon actual examination," or that the legal requirements of either of said boards were at the time it issued the certificate in no degree or particular less than those of California at the time when such certificates were presented for registration. So far as the record before us shows, these certificates were therefore insufficient under the requirements of the act, and could not authorize the granting of a license by defendants.

Concerning the diploma from the medical department of the University of the South, the allegations as to the requirements of the school were such, as we have seen, as to require acceptance of the diploma issued to plaintiff as satisfactory,—viz. that those requirements were in no particular less than those prescribed by the Association of American Medical Colleges for that year. This allegation is, however, denied by defendants in their answer. The issue of fact thus made was not determined by the district court of appeal, that court saying in its opinion that upon the evidence before it that question of

fact could not be determined. That opinion does not state any evidence which enables us to determine this question, and no evidence was introduced before us upon the issue. The burden is, of course, upon the plaintiff in a proceeding of this character to prove such material allegations in behalf of his claim as are denied by the answer. The finding upon this issue must therefore be against plaintiff, and it follows that, upon the case made before us, the diploma must be held insufficient under the requirements of the act.

It is suggested that the provision of the act authorizing the acceptance of only such a diploma as is issued by some legally chartered medical school "the requirements of which medical school shall have been at the time of granting such diploma in no particular less than those prescribed by the Association of American Medical Colleges for that year" is void, because the effect thereof is to delegate to this association a power which, it is claimed, can be exercised only by the legislature itself. This court has recently decided to the contrary in a case where a similar contention was made and fully considered. (*Ex parte Gerino*, 143 Cal. 412, 417, 419, [77 Pac. 166].) It is urged that what was said upon this point in that case was *dictum*. We do not so consider it; but even if it were, we see no reason for receding from or modifying the views there expressed, and we adhere thereto.

It is further urged that the act should be construed as rendering an applicant entitled to a certificate upon his passing a satisfactory examination, even though he fails to produce the required diploma or license,—in other words, that the act entitles him to a certificate either upon the production of a proper diploma or license, *or* upon passing a satisfactory examination. Clearly the act will bear no such construction. The language of the provision as to production of diploma or license is such as to necessarily make it applicable to every case, and no exception thereto is declared in any other part of the act. This provision is immediately followed by the provision as to examination, which declares: "In addition to the requirements above set forth, each applicant for a certificate must be personally examined as to his qualifications to practice medicine and surgery," etc. The next section (6) provides: "When any applicant has shown himself to be possessed of the qualifications herein required, *and* has successfully passed the

said examination, a certificate must be issued," etc. In the face of such clear and unambiguous language, there can be no doubt as to the proper construction of the act in this regard. A diploma or license coming up to the requirements of the act is essential in every case to the right to a certificate, however well qualified the applicant may be in other respects.

We are forced to the conclusion that, notwithstanding the long experience of plaintiff as a practicing physician and surgeon, extending over a period of more than ten years, and notwithstanding that he may have successfully passed the examination as to his qualifications to practice, it must be here held that he has failed to comply with the provisions of the act in the matter of producing a proper diploma or license, and therefore that he must fail in this proceeding.

The application for a writ of *mandamus* is denied.

Shaw, J., Sloss, J., Henshaw, J., Lorigan, J., and McFarland, J., concurred.