[Crim. No. 572. Third Appellate District.—August 10, 1921.]

In the Matter of the Application of H. S. KINNEY on Habeas Corpus.

[1] INTOXICATING LIQUORS — MUNICIPAL ORDINANCE — PENALTY. — A municipal ordinance prohibiting traffic in intoxicating liquors is not invalid because it prescribes a less severe penalty than for similar acts is prescribed by the Volstead Act.

[2] ID.—EXEMPTIONS—REFERENCE TO ACTS OF CONGRESS.—A municipal ordinance prohibiting traffic in intoxicating liquors is not void, as constituting an attempt to delegate to the Congress of the United States legislative authority vested only in the municipal trustees, by reason of the fact that, in expressing the exemptions, it does not set them out specifically, but states them by reference to the laws of Congress then in force.

[3] ID.—REFERENCE TO FUTURE ACTS—UNAUTHORIZED DELEGATION OF AUTHORITY.—If such an ordinance leaves it to some future act of Congress to prescribe the exemptions and the definition of any of the terms employed, the ordinance is void, as constituting an unauthorized delegation of legislative authority.

[4] ID.—ALTERNATIVE JUDGMENT.—A judgment of a recorder's court providing the alternative of imprisonment, in case the fine levied for the violation of a municipal prohibition ordinance is not paid, is within the powers of that court, under section 1446 of the Penal Code, notwithstanding the ordinance does not expressly provide for such alternative.

PROCEEDING on Habeas Corpus to secure release from custody after conviction of violation of municipal prohibition ordinance. Writ discharged.

The facts are stated in the opinion of the court.

M. H. Iverson and Mannon & Mannon for Petitioner.

Hale McCowen, Jr., for Respondent.

BURNETT, J.—Petitioner was convicted of violating an ordinance of the city of Fort Bragg, Mendocino County, prohibiting traffic in intoxicating liquors, and he was sentenced to pay a fine of $225, and in default of the payment thereof to be imprisoned until its satisfaction at the rate of one day's imprisonment for each dollar of said fine.

Three contentions are made by petitioner: "1. That the ordinance is without the powers of the board of trustees of the city; 2. That the ordinance is invalid for the reason that it attempts to delegate to the Congress of the United States legislative powers vested only in the city and its board of trustees; 3. That the judgment so far as it purports to adjudge imprisonment in default of payment of fine is without the powers given to the recorder's court by the ordinance."

[1] The reason for the first contention is that the ordinance prescribes a less severe penalty than for similar acts is prescribed by what is known as the Volstead Act, 41 Stats. 305, [Fed. Stats. Ann., 1919 Supp., p. 839; U. S. Comp. Stats., 1919 Supp., vol. 2, p. 2678], passed by the Congress of the United States. This question, however, has been recently considered by this court and decided adversely to the position of petitioner and it is sufficient to cite that case. (*In re Volpi,* 53 Cal. App. 229, [199 Pac. 1090].)

[2] The legal proposition involved in the second contention is undoubtedly sound. The trustees are powerless to delegate legislative authority. This is conceded and is so elementary that no discussion of it is called for. This claim is urged by reason of section 3 of the ordinance as follows: "It is provided and intended, however, that no manufacture, sale, gift, exportation, importation, transportation, or

possession of such liquor which is, at the time of its commission, allowed or permitted by the laws then in force, enacted by the Congress of the United States for the enforcement of the eighteenth amendment of the constitution of the United States, shall be deemed or considered any violation of the ordinance; and the definition of intoxicating liquors under the ordinance shall at all times be the same as under such laws of Congress at the time in effect."

The rule against the delegation of legislative authority does not prohibit such reference to the act of another legislative body. If the ordinance had set out specifically the exemptions provided in said Volstead Act and the definition therein contained of intoxicating liquors, petitioner, of course, could not, and would not, urge this point. But the effect of the reference to said provisions of the act is to make them a part of the ordinance. If we grant that more apt language might have been chosen to express the intention of the trustees and that it might be considered more satisfactory if said exemptions and said definition had been expressly set forth in the ordinance, no criticism of that kind would be of sufficient gravity to justify the writ of *habeas corpus.*

No doubt difficulty is sometimes experienced in making application of the rule, but if nothing is left to the judgment of another agency and the ordinance or statute fully expresses the will and intention of the legislative body on the subject, there is no room for the claim that there has been a delegation of authority, although reference for existing facts may be had to other sources. (6 R. C. L. 165; *Dowling* v. *Lancashire Ins. Co.*, 92 Wis. 63, [31 L. R. A. 112, 65 N. W. 738].)

[3] If the ordinance had left it to some future act of Congress to prescribe the exemptions and the definition of any of the terms employed, then, of course, we would have a different case, because the will of Congress would be substituted for that of the trustees. The learned district attorney of Mendocino County thus illustrates the situation: "Had the passage of the city ordinance of Fort Bragg preceded the enactment of the Volstead Act then there would have been a delegation of authority, for prior to the enactment of the Volstead Act, there were no laws of Congress prohibiting absolutely the traffic in intoxicating liquors and

under those circumstances the ordinance would have been incomplete when it came from the trustees and would consequently have been ineffective." If Congress should amend said act this question might properly arise, but we think there can be no serious doubt that the effect of said reference was to adopt as far as applicable, the Volstead Act, and make it a part of the ordinance. In this connection, the district attorney quite appropriately calls attention to the following analogous cases arising under the pure food laws, and those regulating the practice of medicine, wherein reference is made to standards of purity, proficiency, etc., established by organizations or bodies, over which the enacting legislative body has no control: *Ex parte Gerino,* 143 Cal. 412, [66 L. R. A. 249, 77 Pac. 166]; *Arwine* v. *Board of Medical Examiners,* 151 Cal. 499, [91 Pac. 319]; *St. Louis I. M. & S. R. R. Co.* v. *Taylor,* 210 U. S. 281, [52 L. Ed. 1061, 28 Sup. Ct. Rep. 616, see, also, Rose's U. S. Notes]; *Cleveland Macaroni Co.* v. *State Board of Health of California,* 256 Fed. 376; *People* v. *Fire Association of Philadelphia,* 92 N. Y. 311, [44 Am. Rep. 380].

[4] It is true that the ordinance does not expressly provide the alternative of imprisonment in case the fine is not paid, but that is unimportant since the general law covers the case. Section 1446 of the Penal Code is as follows: "A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, in the proportion of one day's imprisonment for every dollar of the fine." This section is a part of the chapter dealing with "proceedings in Justices' and Police Courts," and section 1461 of the same chapter enumerates among police courts, "all courts held by mayors or recorders in incorporated cities or towns." The sentence herein was by the recorder's court in said city, and there is nothing in the general municipal corporation act, under which it was organized, that changes or modifies in any manner any of said provisions of the Penal Code.

We are satisfied that there is no substantial merit in any of the contentions of petitioner and the writ is therefore discharged and the petitioner remanded.

Finch, P. J., and Hart, J., concurred.