[Crim. No. 2534. In Bank.—January 9, 1923.]

## In the Matter of the Application of FRANK BURKE for a Writ of Habeas Corpus.

[1] STATUTES — ENACTMENT BY REFERENCE — CONSTITUTIONAL LAW. — Wherever there is no constitutional provision which forbids it, it is proper to declare that any law of the United States, or of another state, shall be the law of this state, and the portion of section 24 of article IV of the constitution providing no law shall be revised or amended by reference to its title, does not prohibit such mode of legislation.

[2] INTOXICATING LIQUORS—WRIGHT ACT—ADOPTION OF VOLSTEAD ACT BY REFERENCE — VALID ENACTMENT. — The act of the legislature known as the Wright Act is not void because it purports to adopt not only the existing provisions of the so-called Volstead Act passed by Congress pursuant to the eighteenth amendment of the federal constitution, but purports to adopt also the future provisions which may be hereafter enacted by Congress, since if the invalidity of the latter provision be conceded, it is not such a component part of the act as would require a holding that it invalidated the entire act.

---

2. Federal, constitutional or legislative provisions as to intoxicating liquors, notes, 10 A. L. R. 1587; 11 A. L. R. 1320.

PROCEEDING on Habeas Corpus to obtain release on charge of violation of Wright Act. Petitioner remanded.

The facts are stated in the opinion of the court.

Wm. B. Hornblower and Fabian D. Brown for Petitioner.

Maurice E. Harrison, P. F. Dunne, Thos. B. Dozier, R. P. Henshall, Lewis F. Byington, J. J. Lermen, Chauncey F. Tramutolo, J. A. Mackenzie, J. W. Dorsey, Cushing & Cushing and W. H. Metson, *Amici Curiae*.

THE COURT.—The petitioner asks for his discharge on *habeas corpus* from an imprisonment under a charge of a violation of the Wright Act, so called, being an act of the legislature submitted to a referendum at the last election and carried by the people. His principal point is that the act is void because it purports to enact into the law in this state all the penal provisions of the so-called Volstead Act, being an act of Congress passed pursuant to the eighteenth amendment of the federal constitution, and to enforce its provisions.

[1] The question whether a state may enact a law in that manner is not a new one in the jurisprudence of the United States. Wherever there is no constitutional provision which forbids it, it is proper to declare that any law of the United States, or of another state, shall be the law of this state. We find no constitutional provision in this state which forbids such action. That portion of section 24 of article IV of the constitution which reads as follows, to wit: "No law shall be revised or amended by reference to its title; but in such case the act revised or section amended shall be re-enacted and published at length as revised or amended," does not prohibit that mode of legislation. It refers only to the revision or amendment of some law already enacted by our state legislature, and has no reference to the enactment of a new provision. The principle that laws may be enacted in that fashion is well established. In *People* v. *Whipple*, 47 Cal. 592, it was held that it was proper for the legislature in creating an office to define the duties of the incumbent by reference to an existing

statute, and to provide that those duties shall be the same as those required by the act referred to. The principle is that such legislation may consist in readopting by its title the provisions of another act adopted by another state, or by the United States. In *Ex parte Lemon*, 143 Cal. 558 [65 L. R. A. 946, 77 Pac. 455], it was held that the adoption of a particular title of the Political Code by reference only was legal. That case involved a special act adopted prior to the constitution of 1879. The decision held that the constitution of 1849 was the same as that of 1879 in this respect, and the act adopted as a part of the charter all the provisions of the title of the Political Code referred to without setting them out at length. In *Vallejo etc. R. R. Co. v. Reed Orchard Co.*, 177 Cal. 254 [170 Pac. 426], it was held that where a statute by adoption designates and adopts an entire provision contained in a section of the code by reference to its descriptive number, the statute so adopted by reference is the same as though the provision adopted has been bodily incorporated in the adopting statute. It is a general principle of law that in adopting a statute the legislature or Congress may do so by reference, as well as by setting out the statute at length, and even where the statute adopted is the statute of another state or territory the principle is the same. (*Cathcart* v. *Robinson*, 30 U. S. 264, 279 [8 L. Ed. 120, see, also, Rose's U. S. Notes]; *Robinson* v. *Belt*, 187 U. S. 41 47 [47 L. Ed. 65, 23 Sup. Ct. Rep. 16]; *Robinson* v. *Long Gas Co.*, 221 Fed. 398 [136 C. C. A. 642]; *State ex rel. Linthicum* v. *Board of Commissioners*, 175 Ind. 400, 403 [94 N. E. 716]; *People* v. *Crossley*, 261 Ill. 78, 83 [103 N. E. 537]; *Evans* v. *Illinois Surety Co.*, 298 Ill. 101, 106 [131 N. E. 262]; *Hunt* v. *Tausick*, 64 Wash. 69, 82 [35 L. R. A. (N. S.) 802, 116 Pac. 651].)

[2] The second point which the petitioner urges is that the act is made void by reason of the fact that it adopts not only the existing provisions of the Volstead Act, but purports to adopt also the future provisions which may be hereafter enacted by Congress. It may be conceded that this provision is not valid, although we do not decide it, since it is not involved. The only effect of putting that provision into the statute would be, at most, that the provision itself would be void, leaving the remainder of the act valid. It is not such a component part of the act itself as would

be necessary to require us to hold that it invalidated the entire act. (*In re Kinney,* 53 Cal. App. 792 [200 Pac. 966].) We find nothing in the act which makes the law invalid so far as it adopts the existing provisions of the Volstead Act.

The question whether the fines which are imposed under the penal provision of the act are payable to the United States or to the state may be a matter of dispute, but it is not a question with which the petitioner is concerned. As soon as he pays the money he will be exonerated, and the disposition thereof is a matter to be determined hereafter.

The prisoner is remanded.

Shaw, C. J., Wilbur, J., Waste, J., Lawlor, J., Lennon, J., Seawell, J., and Kerrigan, J., concurred.

Rehearing denied, there being no right to a rehearing on *habeas corpus.*

All the Justices concurred.