[Crim. No. 957. Second Appellate District, Division One.—March 2, 1923.]

In the Matter of the Application of CHARLEY ADAMS for a Writ of Habeas Corpus.

[1] INTOXICATING LIQUORS — WRIGHT ACT — SUFFICIENCY OF TITLE. — The first clause of the title of the Wright Act (Stats. 1921, p. 79), reading "An act to enforce the provisions of article eighteen of the amendments of the Constitution of the United States," is alone sufficient to cover all of the contents of that statute.

[2] ID.—FIRST OFFENSE—MAXIMUM PUNISHMENT—IMPRISONMENT.— Under section 29 of the Volstead Act, which by adoption is now a part of the Wright Act, there can be no sentence to imprisonment for a first offense of having in one's possession alcoholic and intoxicating liquors for beverage purposes, containing more than one-half of one per cent by volume of alcohol, the only penalty that can be imposed being a fine of not more than $500; nevertheless, in accordance with section 1446 of the Penal Code, the court, in imposing the fine, may direct that the defendant be imprisoned until the fine be satisfied, in the proportion of one day's imprisonment for every dollar of the fine.

[3] POLICE COURT—VOID JUDGMENT—SUBSEQUENT ARRAIGNMENT.—If the judgment of a police court is void for the reason that it attempted to impose a kind of punishment for which the law does not provide, then it is void for all purposes, and the prisoner continues to be lawfully held, as he was held prior to the judgment, and subject to be again arraigned for judgment at any time when the court is competent to act.

---

2. Construction and effect of the Volstead Act, note, 10 A. L. R. 1553.

PROCEEDING on Habeas Corpus to secure the release of petitioner from custody after conviction of a violation of the Wright Act. Writ denied.

The facts are stated in the opinion of the court.

Cooper, Collings & Shreve for Petitioner.

W. D. McDonnell, City Prosecutor, J. Friedlander, Assistant City Prosecutor, J. D. Taggart, Deputy City Prosecutor, and S. W. Odell for Respondent.

CONREY, P. J.—In the police court of the city of Los Angeles a complaint was filed whereby petitioner was charged with a violation of the act commonly known as the "Wright Act," being chapter 80 of the Laws of 1921 (Stats. 1921, p. 79), in that he did willfully and unlawfully have in his possession in the city of Los Angeles certain alcoholic and intoxicating liquors for beverage purposes, containing more than one-half of one per cent by volume of alcohol, contrary to the provisions of the Volstead Act (41 Stat. 305). He pleaded guilty, and the judgment provided that he be imprisoned in the city jail of the city of Los Angeles for a term of 180 days. Being held in custody under that judgment, he applied for and obtained a writ of *habeas corpus*, returnable before this court. Return having been made showing the facts above stated, the matter is now submitted for decision.

Petitioner claims that the commitment is void because the offense charged against petitioner was a first offense, and under section 29 of the Volstead law the only punishment which can be inflicted for the illegal possession of liquor as a first offense is a fine of not more than $500. Petitioner further contends that the Wright Act violates section 24, article IV, of the constitution of California, which provides that "Every act shall embrace but one subject, which subject shall be expressed in its title. . . ."

[1] The Wright Act is entitled: "An act to enforce the provisions of article eighteen of the amendments to the Constitution of the United States; prohibiting all acts or omissions prohibited by the Volstead Act; imposing duties on courts, prosecuting attorneys, sheriffs and other officers,

and extending their jurisdiction; and providing for the disposition of fines and forfeitures.'' We think that the first clause of this title is alone sufficient to cover all of the contents of the statute. Moreover, section 5 of the act defines the phrase ''Volstead Act'' by referring it definitely to title two of the act of Congress enacted October 28, 1919. In the *Matter of Frank Burke*, 190 Cal. 326 [212 Pac. 193], the supreme court has held that where there is no constitutional provision which forbids it, it is proper to declare that any law of the United States, or of another state, shall be the law of this state, and that there is no constitutional provision in this state which forbids such action. In that case the Wright Act was sustained as against the contention that the act is void because it purports to enact into the law of this state all of the penal provisions of the Volstead Act.

[2] Under section 29 of the Volstead Act, which by adoption is now a part of the Wright Act, the only penalty that can be imposed for a first offense such as that of which the petitioner has been convicted is a fine of not more than $500. There can be no sentence to imprisonment. Nevertheless, in accordance with section 1446 of the Penal Code, the court, in imposing the fine, may direct that the defendant be imprisoned, until the fine be satisfied, in the proportion of one day's imprisonment for every dollar of the fine.

[3] The judgment in this case is void because it imposed a penalty not authorized by law. Counsel for respondent concede that this is true and they ask that the petitioner be remanded for proper sentence. Petitioner objects to this suggestion and insists upon an absolute discharge from custody. He claims that because the police court is a court of limited jurisdiction, it follows that when the petitioner has been illegally sentenced, the police court is now without power to enter any judgment at all. We do not think that, for the purposes of this question relating to the consequences of the rendering of a void judgment, there is any distinction in law between a police court and a court of record. If the judgment was void for the reason that it attempted to impose a kind of punishment for which the law does not provide, then it is void for all purposes, and the prisoner is lawfully held now as he was held prior

to the judgment, and subject to be again arraigned for judgment at any time when the court is competent to act. (*Matter of Smith,* 152 Cal. 566, 568 [93 Pac. 191].) In the Smith case the judgment in question was a purported judgment of the superior court, but we think that the proposition stated would have been equally applicable to a judgment of a justice's court or police court.

Prisoner is remanded to custody to await the further action of the justices' court in the pronouncement of a judgment of sentence according to law.

James, J., and Houser, J., concurred.