[Crim. No. 1203.  Second Appellate District, Division Two.—March 10, 1925.]

In the Matter of the Application of A. CARMIGNANI for a Writ of Habeas Corpus.

[1] Intoxicating Liquor — Municipal Ordinance — Excessive Sentence—Habeas Corpus.—Where a person pleads guilty to a charge of possessing intoxicating liquor, contrary to the provisions of a municipal ordinance, and, although it is his first offense against the liquor laws, he is sentenced to pay a fine and to imprisonment in the county jail, such sentence is in excess of that prescribed by the Wright Act for the same offense, and that portion of the judgment under which he is committed to jail is invalid; and, upon payment of the fine imposed, he is entitled to his discharge from custody.

(1) 29 C. J., p. 60, n. 15; 33 C. J., p. 528, n. 53.

PROCEEDING on Habeas Corpus to secure the release of petitioner from custody on a charge of possessing intoxicating liquor in violation of a municipal ordinance. Petitioner discharged.

The facts are stated in the opinion of the court.

Dorsey & Campbell for Petitioner.

Brittan & Brittan for Respondent.

FINLAYSON, P. J.—Petitioner pleaded guilty in the police court of the city of Bakersfield to a charge of having in his possession, in a public place in that city, intoxicating liquor containing more than one-third of one per cent of alcohol by volume, contrary to section 4 of Ordinance No. 165 of that city. He was sentenced to pay a fine of $500 and also to imprisonment in the county jail for a period of 180 days. He paid the fine, but nevertheless was committed to jail pursuant to the terms of his sentence to imprisonment. It seems to be conceded that this is petitioner's first offense against the liquor laws. If, therefore, the ordinance, in so far as it attempts to prescribe penalties for its infraction, is unreasonable and void, petitioner is entitled

1. See 14 Cal. Jur. 728.

to his discharge even though the complaint in the police court be sufficient to state an offense under the state law. This is so for the reason that the maximum penalty provided by the statute for the illegal possession of intoxicating liquor is a fine of $500, if it be the first offense. (*In re Adams*, 61 Cal. App. 239 [214 Pac. 467].)

[1]  We have recently held that the punitive provisions of this ordinance are unreasonable and void for the reason that the penalties prescribed thereby greatly exceed those provided by the Wright Act (Stats. 1921, p. 79) for kindred offenses. (*In re Simmons, ante,* p. 522 [235 Pac. 1029].) This leaves no authority for the sentence save such as may be found in the state law; and as that law only authorizes a fine in such a case as this, it follows that the part of the judgment under which petitioner was committed to jail is invalid and void, and that he must be discharged from custody.

Petitioner is discharged.

Works, J., and Craig, J., concurred.