THE COURT.
In this matter, on the 23d day of July, 1937, an opinion and decision was rendered by this court which in its effect was an affirmance of the judgment from which the appeal had been taken. Thereafter, on the petition of the appellants, an order of rehearing of the cause was granted. In due course, following further argument and briefing by the respective parties herein, the appeal again has been submitted for determination. After further consideration thereof this court adheres to the conclusion which *437 heretofore was expressed by it in the matter, and with the exception of an explanatory statement which is interpolated in the latter part thereof, now adopts as its present opinion that which formerly was prepared by Mr. Justice Curtis of this court. That opinion with the said additional statement thereto is as follows :
“This action is for declaratory relief and for a writ of mandate directed to respondents requiring them to perform their respective duties, enjoined upon them by law, relating to the salaries of the plaintiffs as jailers of the City and County of San Francisco. Plaintiffs claim that their salary is $197 per month for each plaintiff. The defendants, on the other hand, contend that the salary of each plaintiff is the sum of $170 per month and no more. Plaintiffs, under legal appointment, entered upon the discharge of their duties as jailers of said' city and county in April, 1932, and have regularly received the sum of $170 per month. They ask judgment in addition to declaratory relief and for the issuance of a writ of mandate for the difference between the sum of $197, the amount they claim as a monthly salary, and the sum of $170, the amount paid them as salary, or the sum of $27 per month each from April, 1932, to date of judgment. The action came on for trial and resulted in a judgment for the defendants, from which judgment the plaintiffs have appealed.
“There is no dispute as to the facts of the case. They are all contained in a stipulation of facts which is before us in a bill of exceptions. The plaintiffs, prior to the year 1932, had passed the civil service examination for the position of jailer and were placed on the eligible list for appointment to that position. On January 8, 1932, the City and County of San Francisco adopted a new charter. On January 6, 1932, the board of supervisors of said city and county passed the annual salary ordinance, which was approved by the mayor on January 13, 1932. This ordinance was No. 9136 (new series), and will be referred to hereafter as ordinance No. 9136. By this ordinance there was appropriated the sum of $197 per month for each position of jailer, beginning January 8, 1932, and ending June 30, 1932. A similar ordinance containing a similar appropriation was passed by said board of supervisors for the fiscal year beginning July 1, 1932. On January 22, 1932, the sheriff of said city and *438 county, being authorized to make said appointments, requisitioned the Civil Service Commission for four jailers, stating the salary therefor at the sum of $197 per month each. The commission returned said requisition to the sheriff, stating that the commission would not approve or file the requisition unless the sheriff changed the salaries stated in said requisition to the sum of $170 per month each ‘in conformity with and as provided by the terms of sections 71 and 73 of the charter of the City and County of San Francisco and section 73 of the annual salary ordinance passed by the Board of Supervisors ... on January 6, 1932'. Thereupon the sheriff resubmitted said requisition, changing the salary from $197 to $170 per month for each of said positions. The commission then selected plaintiffs for said four positions and they were permanently appointed at the salary of $170 per month each. They began work as such jailers on the twenty-second day of April, 1932, except plaintiff Gibbons, who began his employment in the month of July of’that year, and they have continued ever since to fill said positions and to perform the services thereof at the salary of $170 per month each.
“ The positions to which the plaintiffs were appointed and are now holding are permanent positions, as distinguished from seasonal positions mentioned in ordinance No. 9136. Therefore any limitations placed upon either the Board of Supervisors or the Civil Service Commission by the terms of said ordinance respecting seasonal positions have no application to the permanent positions to which plaintiffs were appointed. Furthermore, plaintiffs were appointed subsequent to the adoption of ordinance No. 9136 to fill vacancies in said positions occurring prior to their appointment, and the provisions of the charter and those of ordinance No. 9136 applying to vacancies must control the actions of the Board of Supervisors and the Civil Service Commission in determining the salary to be received by the plaintiffs appointed to such vacancies.
“ Plaintiffs rely upon section 71 of the charter, which reads in part as follows: ‘Pending the adoption of salary standard's as in this charter provided, the salary and wage rates for positions subject to such standardization shall be as recommended by the officer, board or commission having *439 appointing power for such positions and fixed by the budget and annual salary ordinance; . . . ’
“It is stipulated that since the effective date of the present charter of the City and County of San Francisco there has been no salary standardization ordinance adopted by the Board of Supervisors of said city and county.
" Petitioner contends that under the above-quoted provision of section 71 of the charter, the salary recommended by the sheriff, who was the appointive power in this instance, and who recommended a salary of $197 per month for each position, fixed the salary of the plaintiffs after their appointment to such positions. But it will be seen by a reading of the above provision of the charter that it is the salary recommended by the appointive power ‘and fixed by the budget and annual salary ordinance ’ which controls the compensation of such appointees. It is therefore necessary for us to examine the provisions of the budget and the annual salary ordinance to determine the amount of such compensation. No reference is made in the record or in the briefs to the budget or to the amount of salary ‘fixed by the budget’. We will therefore assume that neither party to this controversy makes any point as to what the budget does or does not contain. We have already referred to the fact that the salary ordinance adopted January 6, 1932, and approved by the mayor on January 15, 1932, appropriated the sum of $197 per month for each position of jailer, and thereby fixed the salary for such position at that amount. This provision of the ordinance applied to all persons then holding the position of jailer. It would undoubtedly apply to persons subsequently appointed to fill such positions unless the ordinance provided otherwise. We think the ordinance has made such provision. We have noted above that the plaintiffs were appointed to fill vacancies then existing in the positions of jailer. Section 73 of the salary ordinance, in our opinion, governs the amounts of salary for such persons in said municipality who may be appointed to fill vacancies in any position therein. This section reads as follows:
“ ‘ When a vacancy occurs in any position created by this ordinance which is subject to salary standardization, the person appointed to such vacancy shall receive only the salary of the entrance grade of the class to which the position belongs, as specified in the salary standardization ordinance; but in *440 the event that said salary standardization ordinance has not yet been adopted when such vacancy occurs, the rate paid shall not exceed the rate fixed for such position in the proposed schedule of compensations issued by the civil service commission under date of April 9, 1930, or as amended or extended by the civil service commission as provided in Section 71 of the Charter. . . . ’
“As stated herein no salary standardization ordinance had at the time plaintiffs were appointed been adopted by said Board of Supervisors. By this section of the ordinance it will be seen that until such an ordinance has been adopted, the person appointed to fill a vacancy shall receive a salary at a rate not exceeding that fixed in a proposed schedule of compensation issued by the Civil Service Commission under date of April 9, 1930, ‘or as amended or extended by the Civil Service Commission ’. No claim is made that there has been any amendment or extension of the schedules of compensation issued April 9, 1930, by the Civil Service Commission. It is further conceded that the proposed schedule of compensation of the Civil Service Commission of April 9, 1930, fixed the entrance grade salary for the position of jailer at the sum of $170 per month, and a maximum grade salary of $190 per month. As we construe this provision of said proposed schedule the entrance grade salary ’ is the salary to be paid those appointed to fill vacancies occurring in the positions of jailer, while those who have served for longer periods of time may eventually be entitled to receive the ‘maximum grade salary’. We can see no legal objection to the action of the Board of Supervisors in referring to this proposed schedule of the Civil Service Commission and in adopting by reference the salary schedule contained therein. The plaintiffs objected to this proposed schedule when offered in evidence by the defendants. Their objection was overruled and plaintiffs now assign this action of the court as erroneous, relying upon the case of King v. Leavy, 124 Cal. App. 422 [12 Pac. (2d) 661], in which case the court held that this proposed schedule of compensation was not evidence in that case for either party. The ease of King v. heavy, supra, did not involve the salary of one appointed to a vacancy and section 73 of the salary ordinance was not involved in that action. The case is not, therefore, controlling. As section 73 expressly refers to said proposed *441 schedules and limits salaries of those appointed to vacancies occurring before the adoption of a salary standardization ordinance to the rates therein fixed, we entertain no doubt as to its admissibility in evidence in this case and that its provisions are controlling to the extent that it was approved by section 73 of the .salary ordinance and made a part of said ordinance by reference. There is no question as to the validity of an ordinance which by reference adopts an existing statute, ordinance, or other public document. {In re Burke, 190 Cal. 326 [212 Pae. 193]; In re Kinney, 53 Cal. App. 792 [200 Pac. 966].) As section 73 of the salary ordinance has fixed plaintiffs’ salary at the amount of $170 per month, its provisions are binding upon both the plaintiff and the officials of said municipality.”
In the case of Francis v. Leavy, 131 Cal. App. 620, 622, 623 [21 Pac. (2d) 979], it is held that the power to fix compensation for officers and employees of the City and County of San Francisco rests with its Board of Supervisors. Assuming that such ruling is correct, necessarily it would follow that the provisions that are contained in the several salary ordinances that yearly have been adopted by the Board of Supervisors, are controlling. In accord with that situation, as far as is pertinent to the instant matter, the salary of each of the plaintiffs was fixed as follows: for the fiscal year 1932-1933, by the provisions of the salary ordinance the rate of compensation for jailers generally was fixed at $197 per month. But by reason of the fact that each of the plaintiffs was appointed to fill a vacancy, by virtue of the provisions contained in section 73 of the salary ordinance, in accordance with the “proposed schedule of compensation issued by the Civil Service Commission under date of April 9, 1930”, the salary of each of the plaintiffs was fixed at $170 per month for that year.
In each of the fiscal years of 1933-1934, 193til935 and 1935-1936, by the provisions of the salary ordinance for those respective years, the salary of each of the plaintiffs was fixed at $170 per month; consequently in neither of those years could the provisions of said section 73 of the salary ordinance, as far as they related to the recommendations of the Civil Service Commission, take effect or be operative in any way. But by the provision that was contained in the salary ordinance of 1936-1937, the salary of each of the *442 plaintiffs was fixed at $190 per month. By the time that ordinance became effective, each of the plaintiffs long since had passed not only the beginners’ stage, but also the two succeeding years in his position, with the result that the provision in said section 73 of the salary ordinance which related to one who had been appointed to fill a vacancy, had no application. But since the judgment- from which the appeal herein was taken was rendered on July 29, 1935, it follows that at that time it was in complete accord with the law.
“ Plaintiffs complain that there are some fifty-eight other jailers serving the City and County of San Francisco, all of whom receive a salary of $197 per month, and only the four plaintiffs are limited to a salary of $170 per month. Apparently this is an inequality of which the plaintiffs may well complain, but the power to fix salaries of persons holding positions like or similar to those held by plaintiffs has been lodged by the charter in the Board of Supervisors. Plaintiffs’ remedy lies not with the courts but with the authority upon whom the charter has imposed the duty of fixing the salaries of its officers.”
The judgment is affirmed. It is further ordered that the appeal from the order by which the motion for new trial was denied be and it is dismissed.