[Civ. No. 36068. Second Dist., Div. Two. May 26, 1971.]

ROBERT RANDOLPH CAMPBELL, Plaintiff and Appellant, v. BOARD OF DENTAL EXAMINERS, Defendant and Respondent.

## COUNSEL

Paul K. Duffy for Plaintiff and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, and Nicholas C. Yost, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**HERNDON, J.**—This appeal is taken from the judgment of the superior court denying appellant's petition for a writ of mandate. By his petition appellant sought and obtained a judicial review of the administrative proceedings which lead to the decision of respondent Board of Dental Examiners revoking his license to practice dentistry in California.

The court below made findings of fact to the effect that each finding of respondent board was supported by the weight of the evidence. The conclusions of law of the trial court indicate its determination that the administrative proceedings were conducted fairly and in the manner required by law and that the decision of respondent board was supported by its findings and was in all respects reasonable and lawful.

### Statement Of The Case

In 1965, appellant's license was revoked by the Board of Dental Examiners, with the revocation stayed upon four years' probation. The effective date was June 1, 1965. The decision was based upon a stipulation between the board and appellant's counsel that (1) on four occasions appellant aided and abetted unlicensed persons to practice dentistry; (2) appellant had been for several years habitually intemperate; and (3) appellant had been convicted of a misdemeanor involving moral turpitude

(Health & Saf. Code, § 11165) in that appellant issued a false and fictitious narcotic prescription.

On January 27, 1969, the Board of Dental Examiners filed a petition to revoke probation and accusation charging petitioner with (1) obtaining narcotics by fraud, deceit, misrepresentation and subterfuge; (2) with violating the terms of probation by reason of that violation; (3) with violating the terms of his probation by reason of his consumption of alcoholic beverages; and (4) with violating the terms of his probation by failing to include the above violations in his quarterly probation reports filed with the board.

The matter was heard before a hearing officer of the Office of Administrative Procedure in San Diego on April 24, 1969. Appellant was represented by his present counsel. The hearing officer thereafter rendered his proposed decision which was adopted by the board as its decision. The decision (1) terminated appellant's probation and placed the prior order of revocation in full force and effect; and (2) revoked his license. The effective date was May 29, 1969.

Following the decision of respondent board, appellant filed his petition for writ of mandate in the superior court and respondent filed its answer thereto. The trial in the court below was concluded with the findings of fact, conclusions of law and judgment adverse to appellant as above recited.

### Appellant's Contentions

In his brief herein appellant has advanced three contentions: (1) that the administrative hearing was held in the wrong place and that his motion for a change of venue was improperly denied by the hearing officer; (2) that the findings of fact and conclusions of law of the hearing officer were fatally defective as a matter of law; and (3) that the trial court erred in its findings of fact and conclusions of law.

### The Nature And Scope Of Judicial Review In Administrative Mandamus.

■ Appellant's arguments indicate his failure to appreciate that the trial on a petition invoking judicial power in administrative mandamus, though still referred to as a "trial de novo," is such a trial only in a limited and qualified sense, and partakes more of the nature of an appellate review than of an unlimited new trial. (*Schoenen v. Board of Medical Exrs.*, 245 Cal.App.2d 909, 913 [54 Cal.Rptr. 364], and decisions cited.)

■ A strong presumption supports the correctness of the findings of

the administrative agency. (*Dare* v. *Bd. of Medical Examiners,* 21 Cal.2d 790, 798 [136 P.2d 304].) The burden of proof rests upon the petitioner for writ of mandate to make a showing sufficient to establish administrative error. (*Arwine* v. *Board of Medical Examiners,* 151 Cal. 499, 503 [91 P. 319]; *Gong* v. *City of Fremont,* 250 Cal.App.2d 568, 575 [58 Cal.Rptr. 664].) ■ Where the petitioner's assertions of irregular procedure or insufficiency of evidence have been denied, presumptions arise that the administrative proceedings were, in fact, regular and supported by the evidence. (*Gong* v. *City of Fremont, supra,* 250 Cal.App.2d 568, 574.) ■ In an administrative proceeding the determination of the credibility of witnesses is within the province of the board. (*Arenstein* v. *California State Bd. of Pharmacy,* 265 Cal.App.2d 179, 188 [71 Cal.Rptr. 357].)

### *The Administrative Hearing Was Properly Held In A Place Authorized By The Administrative Procedure Act.*

■ The most serious of the accusations against appellant alleged by the board as a ground for revocation of his license related to his conduct in obtaining narcotics by fraud, misrepresentation and subterfuge. This accusation was supported by more than sufficient evidence that appellant presented a prescription for the narcotic drug demarol to a pharmacist in the City of Escondido, San Diego County, California. The person for whom the prescription purportedly was issued was named Taylor. Falsely representing himself to be Taylor, appellant obtained the prescribed drugs. The administrative hearing was held in San Diego County. That San Diego was a proper place for the hearing is indicated by Government Code section 11508, which reads as follows:

"The agency shall consult the office, and subject to the availability of its staff, shall determine the time and place of hearing. The hearing shall be held in San Francisco if the transaction occurred or the respondent resides within the First District Court of Appeal district, in the County of Los Angeles if the transaction occurred or the respondent resides within the Second or Fourth District Court of Appeal districts, and in the County of Sacramento if the transaction occurred or the respondent resides within the Third or Fifth District Court of Appeal district. Provided that the agency, if the transaction occurred in a district other than that of respondent's residence, may select the county appropriate for either district; *the agency may select a different place nearer the place where the transaction occurred* or the respondent resides; or the parties by agreement may select any place within the State." (Italics added.)

The record indicates that although appellant had given addresses in Los

Angeles, Riverside and Orange Counties, he asserted at the time of the administrative hearing that his residence was in Riverside County. However, it appears that when notice was given of the time and place of the hearing, appellant was in custody and was serving a jail sentence in San Diego County. Appellant's counsel registered no objection to the hearing in San Diego County until three days before the date of the hearing.

We hold that the hearing officer, respondent board and the court below correctly determined that the place of the hearing was proper. ■ Due process is not concerned with technical formalism. It is the substance that determines whether a litigant has been deprived of a substantial right. (*Cooper* v. *State Bd. of Medical Examiners*, 35 Cal.2d 242, 245 [217 P.2d 630]; *Vita-Pharmacals, Inc.* v. *Bd. of Pharmacy*, 110 Cal.App.2d 826, 831 [243 P.2d 890].)

### *The Findings Of The Trial Court Are Supported By Substantial Evidence.*

■ It would serve no useful purpose to burden this opinion with a lengthy recital of the evidence. It suffices to say that the findings that appellant had violated the conditions of his probation and was guilty of criminal conduct warranting the revocation of his license is supported by convincing credible evidence. The trial court specifically found that after he had utilized the false prescription to obtain narcotics, "Petitioner was thereafter convicted in the Superior Court of San Diego County of obtaining narcotics by fraud, which is a violation of Health and Safety Code section 11170.1." Indeed, the summary of material facts in appellant's brief contains the statement that "The evidence of Appellant's conduct taken at the said hearing is contained in the Statement of Facts found in the Clerk's Transcript, pages 33 through 39. In essence, it showed that Appellant presented a false prescription for narcotics and had been intoxicated on at least one occasion in violation of the terms of probation of the 1965 decision."

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 21, 1971.