[No. S041269. Aug. 17, 1995.]

CALIFORNIA CORRECTIONAL PEACE OFFICERS ASSOCIATION, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD et al., Defendants and Respondents;
DEPARTMENT OF CORRECTIONS et al., Real Parties in Interest and Respondents.

## Counsel

Gerrit Jan Buddingh', Benjamin C. Sybesma, Christine Albertine, Rudy E. Jansen, Carroll, Burdick & McDonough, Ronald Yank, John R. Tennant, Christopher D. Burdick, Gary M. Messing and Martin R. Gran for Plaintiff and Appellant.

Elise S. Rose and Elizabeth S. Stein for Defendants and Respondetns.

Daniel E. Lungren, Attorney General, Henry G. Ullerich, Assistant Attorney General, Martin H. Milas and Silvia M. Diaz, Deputy Attorneys General, for Real Parties in Interest and Respondents.

Christopher W. Waddell, K. William Curtis, Carol A. McConnell and Michael E. Gash for Real Partes in Interest and Respondents and as Amici Curiae on behalf of Real Parties in Interest and Respondents.

## Opinion

**BAXTER, J.**—Government Code section 18671.1[1] specifies the time within which the California State Personnel Board (the Board) must render a

---

[1]Unless otherwise specified all statutory references are to the Government Code. Section 18671.1 provides: "Whenever a hearing or investigation is conducted by the board or its authorized representative in regard to an appeal by an employee, the hearing or investigation

decision following a hearing or investigation of a state employee's appeal from a departmental disciplinary action. For most investigations and hearings the decision must be rendered in no more than six months from the date the petition is filed or ninety days from the time the matter is submitted following investigation or hearing, whichever is less. The statute provides neither a sanction to be imposed on the Board nor a remedy for failure to comply with the statutory deadlines, however. Instead, it provides that if the Board does not render a decision within the time limits, the employee will be deemed to have exhausted all available administrative remedies.

This court must decide if the Court of Appeal was correct in its conclusion that the Board loses jurisdiction over an employee's appeal if the time limit is not met, making the aggrieved employee's only remedy for the unfavorable agency action a petition for writ of mandate against the employing authority to compel that agency or department to set aside its action. If so, we must also decide whether the employee bears the burden in the mandate proceeding to establish that the departmental action is unjustified.

After considering the probable legislative intent underlying section 18671.1, we conclude that the requirement that a decision be rendered within the statutory time is directory, not mandatory. The Board retains jurisdiction over the employee's appeal notwithstanding its failure to render a decision within the statutory time limits. However, because the statute directs that the Board render a timely decision, an employee who has not waived the time limit may seek a writ of mandate against the Board to compel the Board to decide the appeal by a date certain. Alternatively, because the statute also provides that the employee is deemed to have exhausted all available administrative remedies, he or she may seek a writ of mandate against the appointing authority to set aside the adverse action. In such a mandate proceeding the employee bears the burden of establishing that the adverse

shall be commenced within a reasonable time after the filing of the petition and the board shall render its decision within a reasonable time after the conclusion of the hearing or investigation, except that the period from the filing of the petition to the decision of the board shall not exceed six months or 90 days from the time of the submission, whichever time period is less, and except that the board may extend the six-month period up to 45 additional days. In the event of an extension, the board shall publish substantial reasons for the need for the extension in its calendar prior to the conclusion of the six-month period. Submission occurs on the last day of the hearing, if no other documents are to be filed, or on the last day designated for the filing of briefs or other evidence necessary to complete the record. The provisions relating to the six-month or the 90-day periods for a decision may be waived by the employee but if not so waived, a failure to render a timely decision is an exhaustion of all available administrative remedies. In cases involving complaints of discrimination, harassment, or retaliation, where the executive officer renders a decision, the decision shall be rendered within four months of the filing of the appeal."

action was not supported by good cause. If the Board renders a decision while the mandate proceeding against the employing authority is pending, the employee may, but is not required to, dismiss the mandate proceeding and seek review of the Board's decision by a petition for writ of mandamus filed pursuant to Code of Civil Procedure section 1094.5.

The Court of Appeal reversed the superior court and remanded this matter to the superior court for further proceedings. For reasons other than those of the Court of Appeal we agree that some further proceedings in the superior court may be necessary, and therefore affirm the judgment of the Court of Appeal remanding the matter to the superior court.

## I

### Procedural Background

The Department of Corrections and the Department of the Youth Authority (the departments) initiated disciplinary actions against approximately 50 civil service employees under procedures established in the Civil Service Act. (§§ 19570-19589). After each received a "notice of adverse action" (§ 19574)[2] and unsuccessfully sought a "*Skelly* hearing" (see *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774]), the employees appealed to the Board by filing an answer to the notice. (§ 19575.) Because the departmental hearing is informal, an appeal to the Board results in the only formal adjudicatory hearing available to an employee.

The appeals were filed between December 5, 1988, and October 30, 1990. As of May 16 and 23, 1991, when motions to dismiss the adverse actions were made on behalf of the employees by plaintiff on the ground that the Board had failed to hold a timely hearing and/or to render a timely decision, no decision had been rendered in any of the appeals. After individual motions to dismiss had been denied by administrative law judges before whom the appeals were pending, the chief administrative law judge denied all of the motions to dismiss on July 11, 1991. By that date, proposed decisions on many of the appeals had been rendered by administrative law judges and adopted by the Board.

On August 20, 1991, plaintiff filed the underlying petition for writ of mandate on behalf of its members and fair share fee payers who were the

---

[2]Adverse action by the "appointing power" (here the departments) ranges from formal reprimand through suspension, temporary reduction in salary, and demotion, to dismissal. (§ 19570; Cal. Code Regs., tit. 2, § 51.1.)

subjects of the appeals. The Board and its executive officer were the named respondents, the departments were the real parties in interest. The petition initially sought to compel the Board to set aside the decision denying the motions to dismiss, and asked for backpay with interest and restoration of all employee benefits lost by the appellants as a result of the adverse departmental actions. Plaintiffs argued that the statutory command that the Board "shall" resolve appeals within the time limits was mandatory, and that to simply compel the Board to hold hearings and render decisions in delayed cases would be inadequate as that would have the effect of extending the time. Many of the pending appeals had been resolved by the Board before the superior court hearing on the petition for writ of mandate. After ruling that "shall," as used in that part of section 18671.1 which mandates resolution of employee appeals within six months, was not mandatory or jurisdictional, but was directory, the court asked for additional briefing on the appropriate remedy for appeals in each dispositional category.

The departments argued that since the Board's authority to review disciplinary actions was constitutional in origin,[3] the only remedy available to the court was an order that the Board hold hearings and decide those appeals in which a ruling had not been made on or before a court-ordered date. The Board stated that if ordered to do so it would dismiss the two cases in which no hearing had been held on the basis that because the statutory time limit had been exceeded, the appellants were deemed to have exhausted their administrative remedy and could seek judicial review of the adverse action. With respect to those appeals that had been heard, the Board argued that no action should be taken. It reasoned that the employees had the same option of deeming their administrative remedy exhausted and seeking review of the adverse action in the court, but had instead elected to remain in the administrative review system and had thereby waived the six-month time limit. The Board also argued that no action should be taken on the cases in which the appeals had been resolved by the Board or by settlement.

Plaintiff again argued that dismissal of all the adverse actions and an award of backpay was the preferred remedy for all appellants regardless of whether a hearing had been held. It asked alternatively that in those cases in which there were final decisions leading to a letter of reprimand, the notice of adverse action and related paper work, including the final decision, be expunged from all files, and that the Board and departments be estopped from considering the action in any subsequent adverse action proceeding.

---

[3] Article VII, section 3, subdivision (a) of the California Constitution provides: "The board shall enforce the civil service statutes and, by majority vote of all its members, shall prescribe probationary periods and classifications, adopt other rules authorized by statute, and review disciplinary actions."

Where the final decision led to salary reduction or suspension, plaintiff requested backpay, interest, and benefits pursuant to section 19584, and also asked that after three years the notice of adverse action be expunged and respondents be estopped from considering it. For those employees who had been demoted, reinstatement was also requested. The same request was made for employees who had been dismissed; or, in the alternative, a de novo hearing in the superior court was sought. Where hearings had been held, but no decision rendered, or where the hearing was underway, plaintiff sought revocation of the adverse action. In those cases in which no hearing had been held, plaintiff asked for a trial de novo in the superior court.

The superior court did not grant the relief requested by plaintiff. Instead, that court ordered only that the Board hold hearings on the two appeals for which no hearings had yet been held, and render decisions on fifteen in which hearing had been held.

## II

### *The Court of Appeal Decision*

At the time the Court of Appeal heard the matter, the Board had complied with the superior court order and had rendered its decision on the appeals of all of the employees represented by plaintiff. The Court of Appeal reversed the judgment of the superior court and remanded the matter for further proceedings to determine which employees had waived the statutory time limit for decision of their appeal to the Board. It held that those employees could seek review of the Board decision by a petition for writ of "administrative" mandamus as authorized by Code of Civil Procedure section 1094.5. Where there had been no waiver, the Board action was "ineffective." Therefore, employees who had not waived time could proceed by petition under Code of Civil Procedure section 1085 to compel the department that employed them to set aside the adverse action.

Plaintiff argued below that the statutory time limit within which the Board must render a decision is mandatory and jurisdictional. The time limit was intended to provide a benefit to the employee, one that would be lost if section 18671.1 were construed otherwise. Therefore, plaintiff contended it was the intent of the Legislature that the Board lose the power to act on an employee appeal from an adverse action if the Board does not act within the prescribed time. That intent, plaintiff argued, is reflected in section 18671.1 in the provisions which (1) give the Board authority to extend the six-month period by an additional forty-five days only if it states substantial reasons for the need for such extension, and (2) provide that if the time limits are not

met, the employee is deemed to have exhausted his or her administrative remedies. Since the Board has no powers other than those granted it by the state Constitution and implementing statutes, it exceeded its jurisdiction when it proceeded to a decision in those appeals which had not been decided at the end of the six-month period. On that basis, plaintiff argued that dismissal of the adverse action is an available and appropriate remedy for the delay.

The Board contended that, even if mandatory, the language of section 18671.1 was not jurisdictional. It was mandatory only in the sense that the Board could be compelled to act if it had not complied with the statute. The statute could not deprive the Board of its jurisdiction to decide an employee appeal, however, although its time limit could render the decision invalid.

The Board also argued that the language in question was directory, not mandatory. If it were construed to be mandatory, the purpose of the statute would be defeated since the Board could not act on an employee's timely filed appeal and the employee would have no remedy for the adverse action. Therefore, the Board suggested, the employees were not entitled to any remedy, as the Board had acted in a time that was reasonable in light of the severe backlog of disciplinary cases pending before it, a backlog it attributed to a steady increase in the workload that was not accompanied by an increase in the number of administrative law judges. Additional funding had been denied, and, while the appeals of the employees represented by plaintiff were pending, one Southern California administrative law judge had died, thus decreasing the number available to hear appeals.

The departments urged the court to uphold the superior court's conclusion that the language of section 18671.1 was directory and that the Board had not lost jurisdiction when it failed to render its decisions within the statutory period. They also argued that they would be unjustly prejudiced if the adverse actions were dismissed on the basis of a delay over which they had no control, a result that would not be in the public interest, as it would leave on the public payroll employees who were incompetent and who had engaged in conduct that included assault on prison inmates, harassment, discourteous treatment of other employees, inexcusable neglect of duty/breach of security, willful disobedience, and submitting false reports. Moreover, were the employees to be reinstated, the departments' ability to manage their work force would be seriously undermined.

The Court of Appeal concluded that the statutory time limit for rendering a decision on an employee appeal was mandatory and jurisdictional.[4] That court reasoned that because the Legislature had included a "consequence" for failure to comply with the time limit in section 18671.1—deeming the employee to have exhausted administrative remedies—enforcement of that provision was necessary to carry out the statutory purpose of ensuring timely disposition of the administrative appeal. Therefore, the court held, any employee who had not waived time for administrative decision could petition pursuant to Code of Civil Procedure section 1085 for a writ of mandate to compel the appointing power to revoke the adverse action it had taken. Those employees who had waived time could seek review of the Board's action by petition for writ of "administrative" mandamus pursuant to Code of Civil Procedure section 1094.5.

The court recognized the presumption that the word "shall" in a statute is ordinarily deemed mandatory, and "may" permissive. (*Common Cause* v. *Board of Supervisors* (1989) 49 Cal.3d 432, 443 [261 Cal.Rptr. 574, 777 P.2d 610].) Nonetheless, in construing the statute, the court must ascertain the legislative intent. " 'In the absence of express language, the intent must be gathered from the terms of the statute construed as a whole, from the nature and character of the act to be done, and from the consequences which would follow the doing or failure to do the particular act at the required time. [Citation.] When the object is to subserve some public purpose, the provision may be held directory or mandatory as will best accomplish that purpose [citation]. . . .' [Fn. omitted.]" (*Morris* v. *County of Marin* (1977) 18 Cal.3d 901, 910 [136 Cal.Rptr. 251, 559 P.2d 606].)

The court also recognized that time limits are generally directory, but when the statute provides a consequence or penalty for failure to act within the prescribed time, they have been construed as mandatory. (*Edwards* v. *Steele* (1979) 25 Cal.3d 406, 410 [158 Cal.Rptr. 662, 599 P.2d 1365].) Therefore, since section 18671.1 provided that on failure of the Board to act within the time limit the employee was deemed to have exhausted the administrative remedy, a consequence that furthered the purpose of the statute, the time limit in that section should be construed as mandatory.

The court rejected both the Board's argument that the employee's remedy for failure to comply with the time limit was mandate to compel the Board to

---

[4]The court declined the Board's request to dismiss the appeal as moot, reasoning that, if the Board lacked jurisdiction to render any decision the employees were entitled to relief, and that construction of section 18671.1 was sufficiently important, and likely to evade review otherwise, to warrant retention and decision.

render a decision, and plaintiff's argument that dismissal of the charges was the appropriate remedy. It reasoned that the time limit was jurisdictional and therefore the Board no longer had jurisdiction to act. Moreover, both of the remedies proposed by the parties would be inconsistent with the statutory provision deeming the employee to have exhausted administrative remedies. That provision necessarily reflected the legislative intent that the employee be free to move to the next phase, judicial review of the adverse action, not an intent that the charges be dismissed or that the Board be permitted to consider the charges notwithstanding its failure to resolve them within the statutory time limit. Because there had been no timely evidentiary hearing and decision by the Board, however, there was no administrative record and adjudicatory decision. Therefore, that review could not be by petition for administrative mandamus.

The court then held that on an aggrieved employee's petition for writ of mandate against the employing agency, the trial court would have to proceed de novo and receive evidence to determine if the agency had cause to discipline the employee. In that proceeding, since the burden in a mandamus proceeding is on the petitioner, the employee would bear the burden of proving the facts necessary to warrant setting aside the adverse action, a shift of the burden applicable in the hearing before the Board, where the employing agency had to prove that the disciplinary charges were supported.

Finally, the court held that authorizing direct review of the agency action in the superior court on petition for writ of mandamus did not impinge on the Board's constitutional power to review civil service disciplinary actions since that authority existed only during the period the Board retained jurisdiction over the employee's appeal.

This court granted the petitions of the Board and plaintiff for review of that decision.

### III

#### Discussion

Section 19583 states, inter alia: "The board shall render a decision within a reasonable time after the hearing or investigation." That requirement has been part of the statute since its enactment in 1945. (Stats. 1945, ch. 123, § 1, p. 569.) The Legislature added section 18671.1 in 1976 to create an express time limit for action on an employee appeal from a departmental adverse action. The requirement of section 19583 that the Board hear and render a decision on an employee appeal within a "reasonable time" after the

appeal is filed and the express time limits of section 18671.1 further both the Board's responsibility to review civil service disciplinary actions and this court's holding in *Skelly* v. *State Personnel Bd.*, *supra*, 15 Cal.3d 194, that permanent civil service employees are entitled to procedural due process protections in disciplinary matters.

A. *Mandatory or directory time limit.*

██ The word "mandatory" may be used in a statute to refer to a duty that a governmental entity is required to perform as opposed to a power that it may, but need not exercise. As a general rule, however, a " 'directory' or 'mandatory' designation does not refer to whether a particular statutory requirement is 'permissive' or 'obligatory,' but instead simply denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates." (*Morris* v. *County of Marin*, *supra*, 18 Cal.3d 901, 908.) If the action is invalidated, the requirement will be termed "mandatory." If not, it is "directory" only.

██ Time limits are usually deemed to be directory unless the Legislature clearly expresses a contrary intent. (*Edwards* v. *Steele*, *supra*, 25 Cal.3d 406, 410.) "In ascertaining probable intent, California courts have expressed a variety of tests. In some cases focus has been directed at the likely consequences of holding a particular time limitation mandatory, in an attempt to ascertain whether those consequences would defeat or promote the purpose of the enactment. [Citations.] Other cases have suggested that a time limitation is deemed merely directory 'unless a consequence or penalty is provided for failure to do the act within the time commanded.' " (*Ibid.*) As *Morris* v. *County of Marin*, *supra*, 18 Cal.3d 901, 908, held, the consequence or penalty must have the effect of invalidating the government action in question if the limit is to be characterized as "mandatory."

██ Section 18671.1 includes no provision which suggests that action by the Board after the time limit has been exceeded is invalid. Since the employee may waive the time limit, simple failure to meet the time limit does not invalidate future action taken to resolve the appeal. The statute does not impose a "sanction" on the Board for exceeding the time limit for decision, although it does create a statutory consequence for that delay by deeming the employee to have exhausted administrative remedies. That consequence does not necessarily invalidate future action by the Board, however. Thus, the Legislature did not clearly express an intent that the time limit be "mandatory" (as opposed to "directory") when it gave the employee

the power to pursue a judicial remedy immediately if the Board failed to meet the time limit for decision of an appeal.

The Board argues, as it did below, that the time limit for decision specified in section 18671.1 is directory, or that while it is "mandatory" in the obligatory sense, it is not jurisdictional in effect. The legislative declaration that an employee whose appeal has not been resolved within the statutory time limit has exhausted administrative remedies does not deprive the Board of jurisdiction, Rather, it is intended only to provide an employee who has experienced delay with the option of seeking judicial relief to cure the delay. In the view of the Board, the employee has only two options when the Board has not rendered a timely decision. He or she may waive the time limit, or may petition for writ of mandate to compel the Board to act by a time certain.

The departments agree that a failure to comply with the statutory time limit is not jurisdictional, noting that the employee may waive the time limit and remain in the administrative adjudication system. The departments argue on that basis that the time limit is directory, not mandatory.

Plaintiff, on the other hand, argues that the time limit is mandatory and jurisdictional. Plaintiff suggests that the proper remedy when the Board fails to comply with the statutory time limit is dismissal of both the appeal and the adverse action from which the appeal was taken.

Had the Legislature not included the exhaustion provision in section 18671.1, it would be clear that the time limit is only directory and the aggrieved employee's sole remedy for delay is traditional mandamus which lies "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station. . . ." (Code Civ. Proc., § 1085.) Section 18671.1 states, however: "The provisions relating to the six-month or the 90-day periods for a decision may be waived by the employee but if not so waived, *a failure to render a timely decision is an exhaustion of all available administrative remedies*." (Italics added.)

It does not follow from this that the inclusion of a consequence for failure to comply with the statutory time limit for decision—deeming administrative remedies exhausted—necessarily reflects legislative intent that the time limit in section 18671.1 be mandatory and jurisdictional. "[S]eemingly mandatory language need not be construed as jurisdictional where to do so might well defeat the very purpose of the enactment or destroy the rights of innocent aggrieved parties. [Citations.] In other words, the provision at issue may be considered mandatory only in the sense that the board 'could be mandated to

act if it took more time than the short period allotted.' " (*Edwards* v. *Steele, supra,* 25 Cal.3d 406, 412; see also 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 3, p. 368.) ▪ When the Legislature has specified a time within which an administrative board is to render a decision, that time limit may be mandatory in the obligatory sense, but this "does not necessarily mean that a failure to comply with its provisions causes a loss of jurisdiction." (*Liberty Mut. Ins. Co.* v. *Ind. Acc. Com.* (1964) 231 Cal.App.2d 501, 509 [42 Cal.Rptr. 58].)

▪ Both the language of section 18671.1 and its history reflect a clear legislative intent that the employee have the option either to remain in the administrative appeal system by waiving the time limit or to seek direct judicial review of the adverse action taken by the appointing power. However, the history of section 18671.1 does not reflect legislative intent to divest the Board of jurisdiction unless the employee waives the right to have the appeal resolved within the statutory time limit. If that were the intent, several weeks or months of time and expense for investigation, hearing, and preparation of a decision could be lost if there were the slightest delay in rendering the decision. And, even a decision favorable to the employee could not be rendered. The employee would be forced to choose immediately upon expiration of the time for decision between the rights granted by the statutory provision deeming the administrative remedy exhausted and the right to have a decision made in an appeal that may have already been investigated and heard. Nothing in section 18671.1 suggests that the Legislature intended to put the employee to that choice.

In construing a statute, a court may consider the consequences that would follow from a particular construction and will not readily imply an unreasonable legislative purpose. Therefore a practical construction is preferred. (*People* ex rel. *Riles* v. *Windsor University* (1977) 71 Cal.App.3d 326, 332 [139 Cal.Rptr. 378].) A construction of section 18671.1 which permits the Board to retain jurisdiction, and thereby render a decision that might make prosecution of a mandate petition against the appointing power unnecessary, is manifestly more practical than one which cuts off the jurisdiction of the Board regardless of the time and resources the parties have already expended in proceedings before the Board.

Moreover, the "consequence" for failure to comply with the time limits established by section 18671.1 is not a consequence affecting the tribunal as are some in statutes in which a time limit reflects clear legislative intent to terminate a tribunal's jurisdiction. Thus, in Code of Civil Procedure section 660, if the court fails to rule on a motion for new trial within 60 days, "the

effect shall be a denial of the motion without further order of the court." Instead, section 18671.1 simply gives the employee an alternative route for resolution of the challenge to the adverse action of the employing authority. This is not a statutory penalty or consequence which clearly reflects legislative intent to deprive the Board of further jurisdiction over an employee appeal and thereby invalidate future actions whenever the Board fails to render a timely decision.

We conclude therefore, that the time limits of section 18671.1 are directory, not mandatory and jurisdictional. They may be enforced by petition for writ of mandate to compel the Board to hear and decide a case. Contrary to the arguments of the Board, however, the language of section 18671.1 cannot be reasonably construed as meaning that the employee's sole remedy is to seek mandate to compel the Board to act.

The construction of section 18671.1 suggested by the Board is not supported by the statutory language and would be inconsistent with the apparent legislative purpose in providing that when the Board fails to render a timely decision the employee is deemed to have exhausted all available administrative remedies.

It is not necessary to grant the employee power to seek mandate to compel compliance with the statutory time limit. That authority exists independent of section 18671.1 by virtue of Code of Civil Procedure section 1085, a statute of which the Legislature is presumed to be aware. (*Estate of McDill* (1975) 14 Cal.3d 831, 837 [122 Cal.Rptr. 754, 537 P.2d 874].) More importantly, however, the Legislature used a phrase, "exhaustion of . . . administrative remedies," which in this state is a term of art that refers to the requirement that administrative remedies be pursued as a jurisdictional prerequisite to seeking judicial relief from an administrative action. "This is the doctrine of 'exhaustion of administrative remedies.' In brief, the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act. The authorities to this effect are so numerous that only the more important ones need be cited here as illustration. [Citations.]" (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715]; see also *Rojo* v. *Kliger* (1990) 52 Cal.3d 65, 84 [276 Cal.Rptr. 130, 801 P.2d 373]; *George Arakelian Farms, Inc.* v. *Agricultural Labor Relations Bd.* (1985) 40 Cal.3d 654, 661-662 [221 Cal.Rptr. 488, 710 P.2d 288]; 2 Witkin, Cal. Procedure, *supra*, Jurisdiction § 69, p. 437; 3 Witkin, Cal. Procedure, *supra*, Actions, § 234, p. 264.)

The judicial action to which the court referred in *Abelleira*, is judicial review of the administrative action, not judicial intervention to compel

action in a pending administrative proceeding. That the Legislature is well aware of the meaning of the phrase "exhaustion of administrative remedies" is demonstrated by its frequent use of the phrase in other statutes which either expressly mandate exhaustion of administrative remedies before seeking judicial review of an administrative decision or provide that exhaustion is not required. (See, e.g., Ed. Code, §§ 67137, 67138; Gov. Code, §§ 26638.10, 53297, 54957.1; Health & Saf. Code, § 28519; Ins. Code, §§ 1063.9, 1104.9, 10718.5; Lab. Code, § 3085; Pub. Resources Code, § 21177; Pub. Util. Code, § 453; Rev. & Tax. Code, §§ 5142, 7156; Unemp. Ins. Code, § 3264; Wat. Code, § 1851; Welf. & Inst. Code, former § 10962, as enacted by Stats. 1965, ch. 1784, p. 3993.)

The only authority the Board offers for the unique construction it would place on the Legislature's use of the words "failure to render a timely decision is an exhaustion of all available administrative remedies" in section 18671.1 is a bill analysis of the Assembly Committee on Public Employees and Retirement which states that under Senate Bill No. 2130, which added section 18671.1 to the Government Code in 1976, an employee "would gain a right to ask a court for a 'show cause' order in cases where the [State Personnel Board] was alleged to have unreasonably delayed the hearing or investigation of an appeal." (Assem. Com. on Public Employees and Retirement, Analysis of Sen. Bill No. 2130 (1975-1976 Reg. Sess.) June 2, 1976.) That construction is not supported by the language of section 18671.1, however, and is contrary to the intent reflected in other sources of legislative history of section 18671.1 and in contemporary agency construction of the bill which the departments have called to our attention.

Section 18671.1, sponsored by the California State Employees Association, was introduced as Senate Bill No. 2130 in the 1975-1976 session of the Legislature. The Enrolled Bill Report from the State Personnel Board advised that the purpose of the bill was to permit an employee to "proceed to court" and to allow the employee "to pursue other avenues of relief such as court action" if the Board did not act in a timely fashion. (State Personnel Board Enrolled Bill Rep., Sen. Bill No. 2130 (1975-1976 Reg. Sess.) Aug. 25, 1975.) That action, as explained in the Enrolled Bill Report from the Governor's Office, was "access to appeal through the courts." (Governor's Office Enrolled Bill Rep., Sen. Bill. No. 2130 (1975-1976 Reg. Sess.) Sept. 3, 1976.) This understanding was also reflected in the Ways and Means Staff Analysis of the bill which advised: "Failure by the board to render a timely decision would be determined to be an 'exhaustion of all available administrative remedies,' thus enabling the employee to bring an appeal before a state court more quickly." (Assem. Ways & Means Com., 3d reading analysis of Sen. Bill No. 2130 1976 (1975-1976 Reg. Sess.) June 15, 1976.)

Plaintiff's suggestion that the remedy for failure to comply with the time limit established by section 18671.1 is dismissal of the appeal and adverse action fails for the same reason. Moreover, we cannot assume that the Legislature intended to penalize state agencies and the people of this state by mandating reinstatement of an incompetent or untrustworthy employee solely because the Board failed to render a timely decision in the employee's appeal. The statute clearly contemplates review of the adverse action by the court, not reinstatement of an employee whose conduct may have proven the employee unfit for public service or for the position currently held, or otherwise justifies punitive action.

The departments agree that the legislative history establishes that the Legislature did not intend to divest the Board of jurisdiction after expiration of the time limit, and instead intended to simply give the employee the option to seek judicial relief from the adverse action. They concede that the judicial relief contemplated in section 18671.1 is a petition for writ of mandamus pursuant to Code of Civil Procedure section 1085 against the appointing power to set aside the adverse action. Review by petition for "administrative mandamus" under Code of Civil Procedure section 1094.5, the customary vehicle for judicial review of a final adjudicatory decision of an administrative agency, is not available here because there has been no adjudicatory hearing before, and decision by, the Board. Thus, there is no administrative record to review and the procedure contemplated by Code of Civil Procedure section 1094.5 cannot be followed.

As we understand the departments' position, however, under their proposed construction of section 18671.1, after expiration of the time limit and without waiver of that limit by the employee, the Board may proceed to investigate and resolve an appeal and that resolution will displace or moot any action for judicial review of the adverse action that had been initiated by the employee in the interim. Presumably, if the Board modified or set aside the adverse agency action, and the employee was satisfied with the resolution of the appeal, he or she could dismiss the petition for writ of mandate. If the action were affirmed, however, the mandate proceeding would be moot and the employee would be forced to initiate a new mandate proceeding under Code of Civil Procedure section 1094.5.

We agree with the departments that the Board may continue its investigation, hearing, and decision process after the statutory time limit for decision has passed. We do not agree, however, that once the employee has initiated a mandate proceeding against the appointing power, decision of the administrative appeal by the Board moots that proceeding. Were that the case, the

statutory time limit would be meaningless and the employee's right to judicial review of the adverse action when the Board failed to comply with that time limit would be both a waste of judicial resources and a needless expense for the employee.

We conclude, therefore, that if the Board fails to render a decision within the time allowed, the employee may seek a writ of mandate either against the Board to enforce compliance by a date certain, or directly against the employing power to compel reversal of the adverse action. If the Board renders a favorable decision while the latter is pending, the employee may dismiss the mandate proceeding. If the decision is not favorable, the employee may either proceed with the mandate proceeding, the ruling on which will displace the Board's ruling, or dismiss the proceeding and seek review of the Board's ruling by petition for mandate pursuant to Code of Civil Procedure section 1094.5.

We do not agree with the Court of Appeal that the Legislature's inclusion of the exhaustion of administrative remedies provision in section 18671.1 precludes a construction of the statute which at once deems administrative remedies exhausted and leaves the Board with jurisdiction to decide an appeal from the adverse action.

Exhaustion of administrative remedies usually contemplates termination of all available, nonduplicative administrative review procedures. (*United States* v. *Superior Court* (1941) 19 Cal.2d 189, 194 [120 P.2d 26]; *Woodard* v. *Broadway Fed. S. & L. Assn.* (1952) 111 Cal.App.2d 218, 221 [244 P.2d 467].) As noted above, in California a requirement that administrative remedies be exhausted is jurisdictional. (*Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d 280, 293.) Intervention by the court before the administrative agency that has resolved the claim would constitute an interference with the jurisdiction of another tribunal. (*Ibid.*)

However, if the Legislature has not provided an administrative remedy, or the administrative remedy is not effective, the exhaustion requirement is not applicable. (*Park 'N Fly of San Francisco, Inc.* v. *City of South San Francisco* (1987) 188 Cal.App.3d 1201, 1208 [234 Cal.Rptr. 23]; *Los Angeles County Employees Assn.* v. *County Los Angeles* (1985) 168 Cal.App.3d 683, 686 [214 Cal.Rptr. 350].) Additionally, the Legislature may grant the right to seek judicial review of an administrative action without resort to administrative remedies or may make the judicial and administrative remedies cumulative. (*McKee* v. *Bell-Carter Olive Co.* (1986) 186 Cal.App.3d 1230, 1240 [231 Cal.Rptr. 304]; *Mounger* v. *Gates* (1987) 193 Cal.App.3d 1248 [239 Cal.Rptr. 18].)

Absent a constitutional restriction, therefore, there is no impediment to a statute which creates an administrative remedy, but permits the employee to bypass that remedy if the administrative agency fails to render a timely decision. The Legislature is free to determine that the administrative remedy is not effective in those circumstances, and has done so in section 18671.1.

B. *Constitutional authority of the Board.*

 Both the Board and plaintiff argue that allowing a de novo disciplinary hearing in the superior court fails to give effect to the constitutional grant of authority over review of civil service disciplinary actions to the Board. These parties argue, in effect, that if section 18671.1 is construed as authorizing direct judicial review of an employing agency's adverse action when the Board fails to render a timely decision on the employee's appeal, the section is unconstitutional.

This argument fails to recognize that, unless otherwise provided by the Constitution, a constitutional grant of authority to an administrative agency does not preclude reasonable regulation of the procedures of the agency by the Legislature. Article VII of the California Constitution contemplates such regulation, as it provides in section 3 that the Board is to enforce the civil service *statutes* and adopt rules *authorized by statute*, and its executive officer is to administer civil service *statutes* under those rules.

When first enacted, the state civil service provision of the California Constitution, then article XXIV, expressly authorized the enactment of legislation not in conflict with the constitutional provisions.[5] Like the Public Utilities Commission, the Workers' Compensation Appeals Board, and other agencies of constitutional origin, the Legislature may prescribe by statute procedures which are reasonably necessary to effectuate the constitutional purpose.

The authority over employee disciplinary appeals was initially vested in the Board by statute. The addition of that power to the constitutional authority of the Board occurred in 1970 when section 3 of former article XXIV of the California Constitution was revised. The revision added the provision which gave the executive officer of the Board the power to administer and enforce civil service statutes. The apparent purpose of adding reference to the Board's authority over appeals was not to limit the Legislature's power to establish civil service procedures, but simply to ensure

---

[5]Section 5 of former article XXIV provided: "(a) The provisions of this article shall be self-executing but legislation not in conflict herewith may be enacted to facilitate its operation." (Cal. Const., art. XXIV, § 5, adopted Nov. 6, 1934 and repealed Nov. 3, 1970.)

continuance of the employees' right to appeal to the Board. The Legislative Analyst noted that a 1969 statute (Stats. 1969, ch. 853) was contingent on adoption of the measure (Prop. 5) and "[p]rovides that the executive officer of the State Personnel Board shall administer the civil service statutes under rules of the board, subject to the right of appeal to the board." (Ballot Pamp., Proposed Amends. to Cal. Const. with arguments to voters, Primary Elec. (June 2, 1970) p. 14.) The argument in favor of the measure asserted that the "alteration eliminates superfluous language from the article without substantive revision." (*Id.,* argument in favor of Prop. 5, at p. 15.)

This history refutes any suggestion that the inclusion of reference to the Board's power over employee appeals in the California Constitution was intended to limit the power of the Legislature to prescribe the procedures by which employee appeals were to be resolved. Since the provision exists solely to ensure that the right to appeal to the Board exists, a statute which permits the employee to waive that right when the Board has failed to comply with the statutory time limit for decision and to seek judicial review of an adverse action is not inconsistent with the present article VII, section 3 of the Constitution.

Inasmuch as the statutory authorization for employee resort to judicial review is valid, there is no merit to plaintiff's argument that dismissal of the adverse action is an employee's only constitutionally permissible remedy when the Board fails to resolve an appeal within the time permitted by section 18671.1.

## IV

### *Burden of Proof*

■ In an appeal to the Board, the appointing power bears the burden of proof by a preponderance of evidence that the employee engaged in the conduct on which the disciplinary charge is based and that such conduct constitutes a cause of discipline under the applicable statutes. (§ 19572; *Steen* v. *City of Los Angeles* (1948) 31 Cal.2d 542, 547 [190 P.2d 937]; *Parker* v. *City of Fountain Valley* (1981) 127 Cal.App.3d 99, 113 [179 Cal.Rptr. 351].) The employee may avoid the adverse action by establishing that the conduct was justified. (See *Skelly* v. *State Personnel Bd., supra,* 15 Cal.3d 194, 204, fn. 19.)

■ In a petition for writ of mandate brought pursuant to Code of Civil Procedure section 1085, however, the petitioner bears the burden of pleading and proving the facts on which the claim for relief is based. (Code Civ.

Proc., § 1109; Evid. Code, § 500; *Arwine* v. *Board of Med. Examiners* (1907) 151 Cal. 499, 503 [91 P. 319]; *Campbell* v. *Board of Dental Examiners* (1971) 17 Cal.App.3d 872, 876 [95 Cal.Rptr. 351]; *Nilsson* v. *State Personnel Board* (1938) 25 Cal.App.2d 699, 704 [78 P.2d 467].)

Plaintiff complains that the Court of Appeal erred in holding that the employee bears the burden of proof in a mandate proceeding authorized by section 18671.1 to review an adverse action taken by the appointing power against a civil service employee.

The departments respond that shifting the burden to the appointing power would penalize them for the Board's failure to render a timely decision, an omission over which they have no control, and, as the Court of Appeal held, the petitioner always bears the burden of proof in a mandate proceeding brought under Code of Civil Procedure section 1085.

We agree with the Court of Appeal that the normal burden of proof applies in a mandamus proceeding under Code of Civil Procedure section 1085. Code of Civil Procedure section 1109 provides that "[e]xcept as otherwise provided" the procedural rules governing civil actions apply to proceedings in mandamus. Evidence Code section 300, in turn, makes the provisions of that code applicable in every action before a court of this state unless the Legislature provides otherwise. Section 500 of the Evidence Code placed the burden of proof on the party "as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting."

While this general rule allocating the burden of proof does not supersede other, specific, rules established by statute or judicial decision (*Lundquist* v. *Reusser* (1994) 7 Cal.4th 1193, 1211 [31 Cal.Rptr.2d 776, 875 P.2d 1279]), the Legislature has not placed the burden on the employing authority, and it is not appropriate for this court to do so. As we have explained above, the inclusion in section 18671.1 of a provision which deems administrative remedies exhausted reflects legislative understanding and intent that an employee have the option of seeking relief from an adverse agency disciplinary action by petition for writ of mandate to set that action aside. Had the Legislature intended that the employing authority bear the burden of proof in a mandate proceeding which it permitted an employee to initiate, it is logical to conclude it would have so stated in section 18671.1.

Plaintiff argues that under *Skelly* v. *State Personnel Bd.*, *supra*, 15 Cal.3d 194, the burden of proof of cause for disciplinary action must be placed on the employing authority because the punitive action may bring about a

taking of the employee's property interest. Assuming arguendo that the burden of proof of the cause for disciplinary action must be on the employing authority in a *Skelly* hearing, it does not follow that it must be so in an employee-initiated petition for writ of mandate against the employing authority.

The employee has the option of remaining in the administrative review system in which the employing authority has the burden of proof under current procedural rules. The employee may also seek mandate to compel the Board to hear and determine the case promptly. This option adequately protects any due process right the employee may have in the allocation of the burden of proof. While the Legislature has given the employee another option—that of mandate against the employing authority to set aside the adverse action—due process does not require that the allocation of the burden of proof be the same when the employee opts out of the administrative review system.

It is incumbent upon the petitioner therefore to first state a prima facie case entitling the petitioner to relief. (*Sipper* v. *Urban* (1943) 22 Cal.2d 138, 141 [137 P.2d 425].) Here, that requirement is met if the petition states facts to show: (1) the Board has failed to render a timely decision; (2) the petitioner has not waived the right to a timely decision; and (3) the adverse action of the appointing authority is not justified either because the conduct on which the charges were based did not occur, or because that conduct either does not constitute a basis for discipline or was justified. If the petition states a prima facie case, an alternative writ must be issued by the superior court. (Code Civ. Proc., § 1087; *Turner* v. *Hatch* (1971) 14 Cal.App.3d 759, 765 [92 Cal.Rptr. 643].) Once the alternative writ has issued, under the rules applicable to petitions for writ of mandamus brought under Code of Civil Procedure section 1085, the petitioner bears the burden of proving the truth of those allegations. We find no statutory authority or other justification for departure from those rules.

Sections 18671.1 and 19583 reflect a legislative preference for speedy resolution of disciplinary actions within the administrative appeal apparatus. Application of the normal mandamus procedure and burden of proof is an incentive to remain in that system in all but the most egregious cases of Board delay. Placing the burden of proof on the petitioner therefore furthers the legislative purpose, by discouraging mandamus petitions when the Board is unable to meet the statutory time limit, but the anticipated delay in rendering a decision is short. Only in cases of extreme delay will the appointing power be forced to justify the adverse action in both a proceeding before the Board and a mandamus action in the superior court.

## V

### Conclusion

We conclude, therefore, that when the Board fails to comply with section 18671.1 by rendering its decision of a civil service employee's appeal from an adverse action within the time limit established by that section, the Board does not lose jurisdiction over the appeal. It may continue to process the appeal by investigation, hearing, and decision. An employee who has not waived the time limit may, however, either seek mandate to compel the Board to render a decision by a time certain, or seek de novo judicial review of the adverse action by the appointing authority by petition for writ of mandamus brought against the appointing authority pursuant to Code of Civil Procedure section 1085 to set aside the adverse action. The petition should be filed within a reasonable time after expiration of the statutory time limit for decision by the Board and in all cases before the Board renders its decision.[6] In that proceeding the employee as petitioner bears the burden of proving that the adverse action was taken without good cause or is not justified.

If the Board renders its decision of the appeal before the court has disposed of the petition for writ of mandate, the employee may, but need not, dismiss the petition for writ of mandate brought against the appointing power and seek review of that decision by petition for writ of mandate brought pursuant to Code of Civil Procedure section 1094.5. If the petition is not dismissed, the judgment in the mandate proceeding will supersede the decision of the Board.

## VI

### Disposition

Plaintiff sought trial de novo in those employee cases in which no hearing had been held at the time the petition for writ of mandate was filed. Under this decision, employees in that category who did not waive time for

---

[6]The purpose of the section 18671.1 time limit and of the provision giving the employee the option to seek judicial review of the adverse action if that limit is not observed is to ensure speedy resolution of the employee's status. That purpose is frustrated, not furthered, if the petition is not filed promptly when the time limit has been exceeded and the employee has no reason to anticipate that decision of the appeal is imminent. Failure to file the petition promptly is an implicit waiver of the statutory time limit.

The Legislature did not intend to permit the employee to await a delayed Board decision and then seek traditional mandate rather than review by administrative mandamus if the result of the administrative appeal is unfavorable.

decision by the Board are entitled to pursue that remedy if they are dissatisfied with the Board's action and have not elected to seek review by petition under Code of Civil Procedure section 1094.5. The matter should, therefore, be remanded to the superior court for further proceedings consistent with this decision.

The judgment of the Court of Appeal reversing the judgment of the superior court and remanding for further proceedings is affirmed.

Lucas, C. J., George, J., and Werdegar, J., concurred.

**ARABIAN, J.,** Dissenting.—The essential question presented is whether the statutory time period within which the State Personnel Board (Board) must act is mandatory and jurisdictional or merely "directory." A corollary issue is whether, when the Board has failed to act in a timely fashion, an employee bears the burden in a subsequent mandamus proceeding to establish that the employing agency's action is unjustified.

Contrary to the majority, I would hold that the Court of Appeal correctly interpreted the governing statute to conclude that the statutory time frame is mandatory and jurisdictional. Unless the employee waives time, the appropriate remedy when the Board has failed to act in a timely manner is a proceeding in mandamus directly against the employing agency to revoke its adverse action. The Court of Appeal opinion herein, authored by Presiding Justice Klein and concurred in by Justices Croskey and Kitching, is completely persuasive on this point, and I would adopt it as the opinion of this court. That portion of the Court of Appeal opinion, with appropriate deletions and additions, is set forth in parts 1, 2 and 4 of the discussion which follows.*

I would also hold, contrary to the majority, that the employing agency should bear the burden of proof when the Board has failed to render a timely decision. The Court of Appeal was understandably constrained by traditional mandamus principles to hold that the burden in such actions is on the employee to demonstrate the impropriety of the employing agency's adverse action. Mandamus is generally governed by equitable principles, however, and to adhere to the traditional burden of proof in this case would be grossly inequitable. In administrative proceedings before the Board the burden is always on the employing agency to demonstrate just cause for its action. To

---

*Brackets together in this manner[] without enclosed material are used to denote deletions from the opinion of the Court of Appeal; brackets enclosing material are used to denote additions. Footnotes in the Court of Appeal opinion that have been retained are sequentially renumbered.

reverse this burden when the Board has failed to act within the prescribed statutory period would unfairly penalize the *employee* for the *Board's* dilatory conduct, and would violate the employee's fundamental due process rights guaranteed by our decision in *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774]. In part 3 of the discussion which follows, therefore, I depart from the both the Court of Appeal and the majority to conclude that, in a mandamus proceeding, the employing agency bears the initial burden of proof to establish "cause" for its disciplinary action.

DISCUSSION

[1.] *Section 18671.1 is mandatory and jurisdictional because it contains a consequence for noncompliance with its time limitations in furtherance of the purpose of the statute.*

a. *Principles of statutory construction.*

[Government Code] section 18671.1 [(hereafter all further statutory references are to this code unless otherwise specified)] states in relevant part: "the period from the filing of the petition to the decision of the board *shall* not exceed six months or 90 days from the time of the submission, whichever time period is less, and except that the board *may* extend the six-month period up to 45 additional days." (Italics added.)

It is a well-settled principle of statutory construction that the word " 'shall' " is ordinarily construed as mandatory, while " 'may' " is generally construed as permissive, "particularly when both terms are used in the same statute." (*Common Cause* v. *Board of Supervisors* (1989) 49 Cal.3d 432, 443 [261 Cal.Rptr. 574, 777 P.2d 610].) Thus, the usual canons of interpretation would appear to compel the conclusion section 18671.1 is mandatory and therefore jurisdictional, and not merely directory.

However, in this context the use of the word "shall" is not dispositive.

There is no simple mechanical test for determining whether a provision is to be given directory or mandatory effect. (*Morris* v. *County of Marin* (1977) 18 Cal.3d 901, 909-910 [136 Cal.Rptr. 251, 559 P.2d 606].) " 'In order to determine whether a particular statutory provision . . . is mandatory or directory, the court, as in all cases of statutory construction and interpretation, must ascertain the legislative intent. In the absence of express language, the intent must be gathered from the terms of the statute construed as a whole, from the nature and character of the act to be done, and from the

consequences which would follow the doing or failure to do the particular act at the required time. [Citation.] When the object is to subserve some public purpose, the provision may be held directory or mandatory as will best accomplish that purpose [citation] . . . .' [Fn. omitted.]" (*Id.*, at p. 910.)

In *Edwards* v. *Steele* (1979) 25 Cal.3d 406, 410 [158 Cal.Rptr. 662, 599 P.2d 1365], which specifically involved the issue of whether a time limitation was mandatory and jurisdictional or merely directory, [this court] stated: "We have held that, generally, requirements relating to the time within which an act must be done are directory rather than mandatory or jurisdictional, unless a contrary intent is clearly expressed. [Citations.] In ascertaining probable intent, California courts have expressed a variety of tests. In some cases focus has been directed at the likely consequences of holding a particular time limitation mandatory, in an attempt to ascertain whether those consequences would defeat or promote the purpose of the enactment. [Citations.] Other cases have suggested that a time limitation is deemed merely directory 'unless a consequence or penalty is provided for failure to do the act within the time commanded.' [Citations.]"

b. *Mandatory and jurisdictional aspect of the statute.*

Section 18671.1 is mandatory and jurisdictional because it specifies a consequence for noncompliance, which consequence furthers the purpose of the statute.

The same result is reached by applying either of the general tests found in *Edwards* v. *Steele, supra*, 25 Cal.3d at page 410, to section 18671.1, compelling the conclusion the time specified in the statute was intended to be mandatory and jurisdictional rather than merely directory.

(1) *Specific language as to consequence for noncompliance is controlling.*

Section 18671.1 contains a significant " 'consequence or penalty' " for noncompliance with its time limitations. (*Edwards* v. *Steele, supra*, 25 Cal.3d at p. 410.) The statute provides in relevant part: "The provisions relating to the six-month or the 90-day periods for a decision may be waived by the employee but if not so waived, *a failure to render a timely decision is an exhaustion of all available administrative remedies.*" (§ 18671.1, italics added.)

The Board's contention the time limitations of section 18671.1 merely are directory fails to give due consideration to this consequence specified in the

statute. The Board argues an employee's remedy for administrative delay is a court order mandating the Board to hold hearings and to issue decisions in the appeals. (Code Civ. Proc., § 1085.) This interpretation ignores the statute's consequence, namely, that "a failure to render a timely decision is an exhaustion of all available administrative remedies." (§ 18671.1.) If an employee aggrieved by the Board's delay is limited to seeking a writ of mandate directing the Board to perform its statutory duty, the consequence never would arise—in no case would the Board's noncompliance with the time limitations of section 18671.1 be deemed an exhaustion of the employee's administrative remedies.

Because section 18671.1 contains a consequence, it stands in marked contrast to the municipal ordinance which [this court] in *Edwards* v. *Steele, supra*, 25 Cal.3d at page 410, construed to be nonjurisdictional. That ordinance provided: " 'On the filing of any appeal, the Board of Permit Appeals . . . *shall* fix the time and place of hearing, which *shall* be not less than five (5) [days] nor more than fifteen (15) days after the filing of said appeal, and *shall* act thereon not later than forty (40) days after such filing.' " (*Id.*, at p. 409, italics added.) The ordinance lacked any " 'consequence or penalty' " for noncompliance with its time limitations. (*Id.*, at p. 410.) Therefore, notwithstanding the ordinance's repeated use of the word " 'shall,' " the time limitations therein were deemed directory rather than mandatory. (*Id.*, at pp. 409-410.)

For similar reasons, the Board errs in relying on *Shaball* v. *State Compensation Ins. Auth.* (Colo.App. 1990) 799 P.2d 399, an out-of-state decision which it contends is "on all fours" with the instant case. There, the employee argued the Colorado State Personnel Board lost jurisdiction when the hearing officer failed to issue a decision within the statutory 45-day period. (*Id.*, at p. 402.) The statute stated in pertinent part: " 'The board or a hearing officer for the board *shall* issue its written decision within forty-five calendar days after the conclusion of the hearing and the submission of briefs.' " (*Ibid.*, original italics omitted, new italics added.) *Shaball* recognized "[t]he crucial difference between statutes considered to be directory and those deemed mandatory arises from the *consequence* of noncompliance." (*Ibid.*, italics added.) Therefore, the statute, which did not contain any "negative language denying the exercise of authority beyond the time period prescribed for action," was merely directory. (*Ibid.*)

In sum, unlike the statutes scrutinized in *Edwards* and *Shaball*, section 18671.1 specifies a consequence for noncompliance with its time limitations.

### (2) *The consequence furthers the purpose of the statute.*

As indicated, another test for ascertaining whether a particular time limitation is mandatory or directory focuses on whether the consequence would promote or defeat the purpose of the enactment. (*Edwards* v. *Steele*, *supra*, 25 Cal.3d at p. 410.)

The probable intent underlying section 18671.1 appears to be the same as the purpose behind the time limits considered in *Edwards*, namely, to assure the aggrieved party a reasonably timely hearing of, and decision on, his or her administrative appeal. (*Edwards* v. *Steele*, *supra*, 25 Cal.3d at p. 410.) Once the aggrieved employee is deemed to have exhausted the administrative remedy at the expiration of the statutory period, the employee becomes free to proceed to the next stage of the proceedings. [The legislative materials cited by the majority, indicating that the statute's purpose was to permit an employee to "proceed to court" if the Board did not act in a timely fashion, amply supports this conclusion.] Consequently, to hold the time limitations of section 18671.1 are mandatory and jurisdictional promotes the purpose of the statute.

In contrast, in *Edwards*, a holding that the time provisions were mandatory and jurisdictional would have "defeat[ed]" the purpose of the ordinance "by depriving the aggrieved party of his appeal through no fault of his own." (*Edwards* v. *Steele*, *supra*, 25 Cal.3d at p. 410.)

Similarly, in *Chrysler Corp.* v. *New Motor Vehicle Bd.* (1993) 12 Cal.App.4th 621 [15 Cal.Rptr.2d 771], a conclusion that the time provisions were mandatory and jurisdictional would have frustrated the purpose of the statute. Therefore, even though the statute specified a consequence for noncompliance, it was deemed to be merely directory. (*Id.*, at pp. 629, 631.) The statute in issue there, Vehicle Code section 3067, provides " '[i]f the [New Motor Vehicle Board] fails to act within 30 days after such hearing, . . . then the proposed action shall be deemed to be approved.' " (12 Cal.App.4th at p. 623.) *Chrysler Corp.* treated the statute as directory and not jurisdictional because a jurisdictional rule would have resulted in the automatic entry of a decision unfavorable to the protesting parties by virtue of the "deemed . . . approved" provision of Vehicle Code section 3067. (*Chrysler Corp.*, *supra*, 12 Cal.App.4th at pp. 623, 630-631.)

However, in the instant case, the Board's failure to act timely is not deemed to result in a decision adverse to the employees—it merely is deemed to result in an exhaustion of the employee's administrative remedies. Therefore, unlike *Edwards* or *Chrysler Corp.*, treating the instant time

limitation as jurisdictional does not result in a denial or the unfair entry of an adverse decision on the merits. Instead, construing section 18671.1 to be jurisdictional furthers the statute's aim of assuring the employee a timely disposition of his or her administrative appeal.

[I would note further that] a time provision has been held mandatory and jurisdictional to further the purpose of the statute, even though the statute did not specify a consequence or penalty for noncompliance. In *Garcia v. Los Angeles County Bd. of Education* (1981) 123 Cal.App.3d 807, 809-810 [177 Cal.Rptr. 29], it was contended the school board lacked jurisdiction to expel a student, as the hearing had not been held within the time period required by former Education Code section 48914. (See now Ed. Code, § 48918.) *Garcia* held the time provisions in the statute were mandatory and jurisdictional, although the statute lacked any consequence or penalty for the failure to act within the designated time. (123 Cal.App.3d at pp. 811, 813.)

*Garcia* reasoned the time provision was a matter of substance and the intent of the legislation was to provide a student with the protection of due process when faced with the possible forfeiture of the " 'legitimate entitlement to a public education as a property interest.' [Citation.]" (*Garcia v. Los Angeles County Bd. of Education, supra*, 123 Cal.App.3d at pp. 811-812.) The statute was "obviously an attempt to define the period of delay during which it is reasonable to summarily deprive the student of his fundamental right to public education. The consequence of holding the time limit to be mandatory would, therefore, promote the purpose of the enactment." (*Id.*, at p. 812.)

In the context of this case, "the California statutory scheme regulating civil service employment confers upon an individual who achieves the status of 'permanent employee' a property interest in the continuation of his [or her] employment which is protected by due process." (*Skelly v. State Personnel Bd.*[, *supra*,] 15 Cal.3d 194, 206 [124 Cal.Rptr. 14, 539 P.2d 774].) Therefore, treating the time provisions of section 18671.1 as mandatory and jurisdictional is appropriate because it furthers the purpose of the statute to limit delay in disciplinary proceedings.

In sum, because section 18671.1 contains a consequence for noncompliance, it differs from the provisions which were construed in *Edwards v. Steele, supra*, 25 Cal.3d at page 410, and *Shaball v. State Compensation Ins. Auth., supra*, 799 P.2d at page 402. Also, because enforcing section 18671.1's consequence for noncompliance with its time limitation furthers the purpose of the statute, section 18671.1 is unlike the provisions considered in *Edwards v. Steele, supra*, 25 Cal.3d at page 410, and *Chrysler Corp*

v. *New Motor Vehicle Bd.*, *supra*, 12 Cal.App.4th at pages 630-631. Instead, section 18671.1 is akin to other statutes or rules which contain negative language denying the exercise of authority beyond the time prescribed for action.[1]

[The majority inexplicably concludes that although the statutory time frame is merely directory and is not jurisdictional, an aggrieved employee may nevertheless seek to enforce the statutory limit through a writ of mandamus proceeding. Thus, the majority would allow the Board to conduct administrative proceedings beyond the statutory limit, either voluntarily or through judicial compulsion, notwithstanding the fact that the failure to render a timely decision constitutes an explicit exhaustion of administrative remedies. The only argument advanced by the majority in support of this interpretation is that otherwise the Board might lose several weeks or months of investigative labor. This rather obvious consequence does not, in my view, render an otherwise clear statutory meaning so "unreasonable" or "absurd" as to compel a contrary construction. The majority also notes that an employee might prefer the more "practical" option of a less costly administrative proceeding to a judicial remedy. If so, the statute as written makes that option readily available, by providing that the prescribed time limits "may be *waived* by the employee." It is unnecessary to rewrite the statute to preserve this option.]

[I thus] conclude section 18671.1 is mandatory and hence jurisdictional.

---

[1]For example, section 911.6, within the Government Tort Claims Act (§ 810 et seq.), provides at subdivision (c): "If the board [of the governmental entity] fails or refuses to act on an application [to present a late claim] within the time prescribed by this section, the application shall be deemed to have been denied on the 45th day . . . ."

Under Code of Civil Procedure section 629, a trial court shall render judgment notwithstanding the verdict "before the expiration of its power to rule on a motion for a new trial[.]"

Code of Civil Procedure section 630, pertaining to a motion for directed verdict, similarly states at subdivision (f), "the power of the court to act . . . shall expire 30 days after the day upon which the jury was discharged, and if judgment has not been ordered within that time the effect shall be the denial of any motion of judgment without further order of the court."

Likewise, under Code of Civil Procedure section 660, if the trial court fails to rule on a motion for new trial before the expiration of the specified time within which the trial court may rule on the motion, "the effect shall be a denial of the motion without further order of the court."

Also, California Rules of Court, rule 24(a), states, "[w]hen a decision of a reviewing court is final as to that court, it is not thereafter subject to modification or rehearing by that court, . . ."

*[2.] Remedy for Board's noncompliance with section 18671.1 is mandamus action by aggrieved employees against the employing departments.*

The [California Correctional Peace Officers] Association contends the remedy for the Board's noncompliance with section 18671.1 is dismissal of the adverse disciplinary actions.

The Board and the Departments [of Corrections and Youth Authority] argue the employees' remedy is limited to securing an order from the superior court compelling the Board to hold a hearing or issue a decision within a time certain. [The majority adopts a third approach, concluding that an employee may *simultaneously* seek mandate to compel the Board to act on the administrative appeal, and directly challenge the employing agency's adverse action by writ of mandamus pursuant to Code of Civil Procedure section 1085.]

For the reasons discussed below, [I] conclude as to those employees who did not waive the statute's time limitations, the proper remedy is a mandamus action by the employee against the employing department to set aside the adverse action.

*a. Because section 18671.1 is jurisdictional, Board cannot be mandated to decide these cases after the expiration of the statutory period.*

Code of Civil Procedure section 1085 provides, inter alia, a writ of mandamus may be issued by any court to any "inferior tribunal, . . . board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station[.]" There is no merit to the Board's contention the employees' remedy lies in seeking such a writ to compel the Board to hear and decide the cases pending before it.

As explained, the time limitations of section 18671.1 are jurisdictional. Therefore, once the statutory period expires and there has been no waiver of time by the employee, the Board loses jurisdiction to act on an administrative appeal. Consequently, the superior court cannot direct the Board to consider an administrative appeal beyond the time periods specified in section 18671.1.

Also, requiring an employee to seek a writ directing the Board to rule on his or her administrative appeal, notwithstanding the expiration of the statutory period, flies in the face of section 18671.1, which states at the

expiration of the statutory period the employee is deemed to have exhausted the administrative remedy.

### b. *Administrative mandamus review under Code of Civil Procedure section 1094.5 likewise is inapplicable.*

At the expiration of the statutory period without the issuance of a decision by the Board, the employee is deemed to have exhausted "all available administrative remedies" (§ 18671.1) and the Board is without jurisdiction to take any further action on an administrative appeal. Arguably, at that juncture the employee may advance to the next stage, namely, judicial review of the administrative decision by way of a petition for writ of administrative mandate. (Code Civ. Proc., § 1094.5.) Here, however, the cases were not in a posture to be reviewed by the superior court on a petition for writ of administrative mandate.

In some of the cases, no evidentiary hearing was held before the Board within the statutory period. Therefore, no administrative record existed to be scrutinized by the trial court on a petition for writ of administrative mandate. (Code Civ. Proc., § 1094.5, subd. (c); *Skelly* v. *State Personnel Bd.*, *supra*, 15 Cal.3d at pp. 204-205, 217, fn. 31.) [Fn. omitted.]

In other cases, while an evidentiary hearing was held before the Board, no decision was rendered within the statutory period. Thus, in those cases there was no Board decision to be attacked by the employee and to be reviewed by the superior court. (Code Civ. Proc., § 1094.5, subd. (a); *Skelly* v. *State Personnel Bd.*, *supra*, 15 Cal.3d at pp. 204-205.)

Consequently, due to the Board's failure to hold timely hearings or to render timely decisions in the instant administrative appeals, the cases were not in a position to be reviewed by the superior court on a petition for writ of administrative mandamus. (Code Civ. Proc., § 1094.5.)

### c. *Appropriate remedy is a mandamus action by the employee directly against the employing department.*

As an alternative, the Board proposes allowing an employee to file a petition for writ of mandate in the superior court against the employing department to compel the employer to revoke the disciplinary action on the ground the taking of the disciplinary action constituted an abuse of discretion. The suggestion has merit.

Code of Civil Procedure section 1085 states, inter alia, a writ of mandate "may be issued . . . to compel the admission of a party to the use and

enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person."

Thus, in *Hollon v. Pierce* (1967) 257 Cal.App.2d 468 [64 Cal.Rptr. 808], the employee brought a proceeding in mandamus against the employer after the employee's administrative complaint languished without resolution. Initially, the employee filed an administrative complaint alleging an unfair unemployment practice. (*Id.*, at p. 475.) The State Fair Employment Practice Commission commenced proceedings but failed either to reject the complaint or to render a final order and the commission proceeding "c[a]me to a complete halt." (*Id.*, at p. 476.) The employee then brought a proceeding in mandamus to compel reinstatement by his employer, a high school district. (*Id.*, at p. 471.) The superior court held a hearing, took evidence, made findings and denied the petition. (*Ibid.*) A threshold issue presented on appeal was whether the employee adequately complied with the rule of exhaustion of administrative remedies. (*Id.*, at p. 475.) *Hollon* stated: "Theoretically, the complaining employee might have brought a mandate proceeding with the objective of compelling commission action." (*Id.*, at p. 476.) However, the employee was not required to do so and his pursuit of reinstatement by way of a mandamus proceeding in the superior court was procedurally proper. (*Ibid.*)

In view of the above, [I] conclude that upon the expiration of the statutory period under section 18671.1, at which point an employee is deemed to have exhausted all available administrative remedies, the employee is entitled to seek judicial relief by way of a proceeding in mandamus to set aside the adverse disciplinary action. (Code Civ. Proc., § 1085.)

Given the lack of an administrative evidentiary record or any Board decision to be reviewed by the superior court, as in *Hollon*, the trial court will have to proceed de novo and receive evidence to determine whether the employer had legal cause to discipline the employee.

[]

[3.] [*The burden of proof.*]

[In *Skelly v. State Personnel Board, supra*, 15 Cal.3d 194, 206, this court recognized that public employees have a "property interest in the continuation of employment which is protected by due process." "In the absence of sufficient cause," we observed, "the permanent employee has a statutory right [under the Civil Service Act (Gov. Code, § 18500 et seq.)] to continued

employment free of . . . punitive measures. . . . [and] the state must comply with procedural due process requirements before it may deprive its permanent employee of this property interest by punitive action." (*Id.* at pp. 207-208.) A fundamental component of such due process is an administrative hearing before the Board, and it is "axiomatic, in [such] disciplinary administrative proceedings, that the burden of proving the charges rests upon the party making the charges." (*Parker* v. *City of Fountain Valley* (1981) 127 Cal.App.3d 99, 113 [179 Cal.Rptr. 351]; accord, *Layton* v. *Merit System Commission* (1976) 60 Cal.App.3d 58, 64 [131 Cal.Rptr. 318]; *Martin* v. *State Personnel Bd.* (1972) 26 Cal.App.3d 573, 582 [103 Cal.Rptr. 306]; see also *Skelly* v. *State Personnel Board, supra,* 15 Cal.3d at p. 207.)]

[As discussed in the preceding section, when the Board fails to perform its duties in a timely fashion, the employee may seek direct relief from the employing agency's adverse action by way of a judicial proceeding for a writ of mandamus. The burden in such actions is traditionally on the party seeking the writ to prove an abuse of discretion by the agency or board in question. (*Campbell* v. *Board of Dental Examiners* (1971) 17 Cal.App.3d 872, 876 [95 Cal.Rptr. 351].) To apply the traditional burden of proof in this situation, however, would be to penalize the *employee* for the *Board's* failure to perform, and would deprive the employee of the fundamental due process right to have the agency prove its case in the *first instance.* In *Parker* v. *City of Fountain Valley, supra,* 127 Cal.App.3d 99, for example, the question was whether the city could require a terminated police sergeant to bear the burden of proof. The court held that the procedure denied the public employee due process, explaining: "Since the administrative hearing was the first evidentiary inquiry into the facts giving rise to appellant's discharge, the city, not the employee, was required to bear the burden of proof." (*Id.* at p. 113.)]

[It is well settled that "[m]andate proceedings, although not of equitable origin, are governed by equitable principles." (*County of Inyo* v. *City of Los Angeles* (1976) 61 Cal.App.3d 91, 96 [132 Cal.Rptr. 167]; accord, *Gonzales* v. *Internat. Assn. of Machinists* (1963) 213 Cal.App.2d 817, 820 [29 Cal.Rptr. 190] ["While an application for a writ of mandamus is a special proceeding [citation], it is also to some extent a proceeding in equity."]; see also *San Diego County Dept. of Public Welfare* v. *Superior Court* (1972) 7 Cal.3d 1, 9 [101 Cal.Rptr. 541, 496 P.2d 453]; *Draper* v. *Grant* (1949) 91 Cal.App.2d 566, 571 [205 P.2d 399]; *Wallace* v. *Board of Education* (1944) 63 Cal.App.2d 611, 617 [147 P.2d 8].) Apart from the violation of due process, it is fundamentally *in*equitable to shift the burden of proof from the employing agency to the employee merely because the *Board* has failed in

its duty to render timely decision. Therefore, I would hold that the initial burden in a mandamus proceeding should fall to the employee to demonstrate that the state has taken disciplinary action against him or her, and that the Board has failed to act within the statutory time frame. At that point, the burden should shift to the employing agency to show cause for its adverse action. This allocation properly balances and preserves the respective rights and duties of the parties.]

[4.] *No merit to Association's contention the remedy for Board's noncompliance with section 18671.1 is dismissal.*

Under section 18671.1, the effect of the Board's failure to act timely is that an employee is deemed to have exhausted all available administrative remedies. Generally, once a litigant has exhausted the administrative remedy, resort may be had to a court of law. Consequently, as explained above, once the instant administrative remedy is exhausted, the employee is entitled to bring a proceeding in mandamus directly against the employing department. Because section 18671.1 specifies Board delay merely results in an exhaustion by the employee of administrative remedies, there is nothing in the language of section 18671.1 to compel the conclusion the remedy for the Board's delay is dismissal of the adverse disciplinary action. Further, the Association has not proffered any legislative history to support its contention the Legislature contemplated dismissal rather than judicial proceedings once the administrative remedy before the Board has been exhausted.

It is unnecessary to address any remaining arguments of the parties.

## Conclusion

The Departments' and the Board's interpretation [of] the time limitations of section 18671.1 [as] merely [] directory would nullify the language of the statute that the failure to render a timely decision is deemed an exhaustion by the employee of all available administrative remedies. If an employee's remedy for the Board's noncompliance were limited to seeking a writ under Code of Civil Procedure section 1085 to compel the Board to act on the employee's administrative appeal, a situation where the employee is deemed to have exhausted his or her administrative remedies never would arise. The consequence of the Board's failure to comply with section 18671.1 is that the employee is deemed to have exhausted all available administrative remedies and may seek judicial relief by way of a proceeding in mandamus directly against the employing department.

[The majority's conclusion that the Board may continue to conduct administrative proceedings after the employee is deemed to have exhausted his

or her administrative remedy is similarly contrary to the statutory language and purpose.]

While [I] recognize inadequate staffing and funding may have made the Board's task more difficult to accomplish, section 18671.1 compels the Board to proceed timely in order to protect the affected employees' property interest in their employment. (*Skelly* v. *State Personnel Bd., supra,* 15 Cal.3d at p. 206.) Financial constraints cannot be deemed an excuse for failure to comply with mandatory duties imposed by law. (*Robbins* v. *Superior Court* (1985) 38 Cal.3d 199, 217 [211 Cal.Rptr. 398, 695 P.2d 695]; *Mooney* v. *Pickett* (1971) 4 Cal.3d 669, 680 [94 Cal.Rptr. 279, 483 P.2d 1231].) If the requirements of section 18671.1 cannot be met with the Board's limited resources, the Board must address its concerns to those with the authority to set policy, not to the courts by way of excusing violations of mandatory requirements. Further, while the Departments are not responsible for the inordinate delay by the Board, neither are the affected employees.

If [the foregoing] interpretation is not what the Legislature intended in the enactment of section 18671.1, it may amend the statute to delete the provision that at the expiration of the statutory period, an employee is deemed to have exhausted all available administrative remedies and instead, provide the remedy for delay by the Board is a writ of mandate directing the Board to proceed timely.

Mosk, J., and Kennard, J., concurred.