EDMUND G. BROWN JR. Attorney General SUSAN DUNCAN LEE Deputy Attorney General
THE HONORABLE RONALD CALDERON, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
Where a motor vehicle lease has expired, and the lessee voluntarily surrenders possession of the vehicle at his or her residence to a motor vehicle dealer, acting as the agent of and pursuant to a contract with the lessor who holds a security interest in the vehicle, and the dealer thereafter sells the vehicle at a wholesale used vehicle auction on behalf of the lessor, is the dealer required to hold a license as a "repossession agency" under the Collateral Recovery Act? *Page 2 
 CONCLUSION
Where a motor vehicle lease has expired, and the lessee voluntarily surrenders possession of the vehicle at his or her residence to a motor vehicle dealer, acting as the agent of and pursuant to a contract with the lessor who holds a security interest in the vehicle, and the dealer thereafter sells the vehicle at a wholesale used vehicle auction on behalf of the lessor, the dealer is required to hold a license as a "repossession agency" under the Collateral Recovery Act.
 ANALYSIS
We are asked to address a situation in which (1) a motor vehicle has been leased to an individual ("the lessee"), (2) the lessee has made the lease payments but has not returned the vehicle to the lessor at the end of the lease period as required by the lease, (3) the lessor has contracted with a motor vehicle dealer to pick up the vehicle from the lessee, prepare the vehicle for sale, and sell the vehicle at a wholesale used vehicle auction, and (4) the lessee voluntarily surrenders possession of the vehicle to an employee of the dealer at the lessee's residence. We are asked whether the dealer, in such circumstances, would be required to hold a license as a "repossession agency" under the Collateral Recovery Act (Bus. Prof. Code, §§7500-7511; "Act").[1] We conclude that the dealer would be so required.
The Vehicle Code regulates the auction of used vehicles by motor vehicle dealers, whether at a wholesale used vehicle auction or an auction open to the public. (See Veh. Code, §§ 4456, 5900, 6100-6105,9561, 11713.11, 11713.14, 24007.4; 89 Ops.Cal.Atty.Gen. 129, 131
(2006).)[2] Here, however, we are not concerned with the auction itself but with the transfer of possession of the vehicle from the lessee to the dealer, acting as the agent of the lessor. The Vehicle Code regulates such a transfer only to the extent of requiring notification to the law enforcement agency having jurisdiction over the place of the transfer of possession. (Veh. Code, § 28.) *Page 3 
In contrast, the Act sets forth a comprehensive scheme governing the transfer of possession of motor vehicles and other "collateral" involving "repossession agencies." The Act requires a repossessor to hold a license issued by the Bureau of Security and Investigative Services of the Department of Consumer Affairs. (§§ 7501, 7502.) Repossession agencies must notify the debtor of the seizure of the vehicle (§ 7507.10), keep an inventory of any personal effects found in a repossessed vehicle (§ 7507.9), and maintain records of all transactions (§ 7507.3), among other requirements.
The key statute requiring our interpretation is section 7500.2, which defines a "repossession agency" as follows:
 A repossession agency means and includes any person who, for any consideration whatsoever, engages in business or accepts employment to locate or recover collateral, whether voluntarily or involuntarily, including, but not limited to, collateral registered under the provisions of the Vehicle Code which is subject to a security agreement, except for any person registered pursuant to Article 7 (commencing with Section 7506).[3]
Section 7500.3 provides specific exemptions from this definition:
 A repossession agency shall not include any of the following:
 (a) Any bank subject to the jurisdiction of the Commissioner of Financial Institutions of the State of California under Division 1 (commencing with Section 99) of the Financial Code or the Comptroller of the Currency of the United States.
 (b) Any person organized, chartered, or holding a license or authorization certificate to make loans pursuant to the laws of this state or the United States who is subject to supervision by any official or agency of this state or the United States.
 (c) An attorney at law in performing his or her duties as an attorney at law.
 (d) The legal owner of collateral which is subject to a security agreement. *Page 4 
 (e) An officer or employee of the United States of America, or of this state or a political subdivision thereof, while the officer or employee is engaged in the performance of his or her official duties.
 (f) A person employed exclusively and regularly by one employer in connection with the affairs of that employer only, and where there exists an employer-employee relationship.
 (g) A qualified certificate holder or a registrant when performing services for, or on behalf of, a licensee.
Under the circumstances presented, the motor vehicle dealer in question would not qualify under any of the exemptions contained in section 7500.3. We must therefore determine whether the dealer would meet the definition of a "repossession agency" under section 7500.2.
First, we note that a "repossession" generally means the recovery of collateral where someone who has the right to possession takes the property from someone who has actual possession. (See Webster's 3d New Internat. Dict. (2002) p. 1926; Black's Law Dict. (8th ed. 2004) p. 1327, col. 2; Cal. U. Com. Code, § 9609; Health Saf. Code, § 18037.5; Veh. Code, § 21100.4; In re Moffett (4th Cir. 2004) 356 F.3d 518;Lindberg v. Williston Indus. Supply Corp. (N.D. 1987) 411 N.W.2d 368;Adams v. Egley (S.D. Cal. 1972) 338 F.Supp. 614; American InsuranceCompany v. Durden (E.D.S.C. 1965) 249 F.Supp. 750; McCall, The Past asPrologue: A History of Right to Repossess (1973) 47 So.Cal. L.Rev. 58, 63-81.)
Here, the dealer would be a "person" under section 7500.2, since "person" is defined for purposes of the Act as "any individual, partnership, limited liability company, or corporation." (§ 7500.1, subd. (p).) Pursuant to the contract between the lessor and the dealer, the dealer would receive "consideration" to "recover" the vehicle for the lessor. The vehicle would be "collateral," defined as "any vehicle, boat, recreational vehicle, motor home, appliance, or other property that is subject to a security agreement." (§ 7500.1, subd. (e).) A "security agreement," in turn, is defined "as an obligation . . . lease agreement . . . given by a debtor as security for payment or performance of his or her debt, by furnishing the creditor with a recourse to be used in case of failure in the principal obligation." (§ 7500.1, subd. (v).) In the circumstances presented here, the "recourse" available to the creditor is to recover the collateral. Because the lease has expired, it is now the lessor, not the lessee, who has the right to possess the vehicle. Having failed to return the vehicle to the lessor, the lessee is in breach of the lease agreement. *Page 5 
As for the phrase "whether voluntarily or involuntarily" in section 7500.2, we believe that it may be reasonably construed as referring to the intention or state of mind of the person from whom the "collateral" is "recovered." Here, because the lessee voluntarily surrenders the vehicle to the dealer, which is acting as an agent for the lessor, the transfer of possession is "voluntarily" made by the lessee within the meaning of section 7500.2. This interpretation gives section 7500.2 a practical construction, presuming that "the Legislature intended reasonable results consistent with its expressed purpose. . . ." (Harris v. Capital Growth Investors XIV (1991) 52 Cal.3d 1142,1165-1166; see California Correctional Peace Officers Assn. v. StatePersonnel Bd. (1995) 10 Cal.4th 1133, 1147.)
We understand that most repossessions are "voluntary" in the sense that they are conducted with the cooperation of the person surrendering possession. (See, e.g., Johnson, Denial of Self-Help Repossession: AnEconomic Analysis (1973) 47 So.Cal. L.Rev. 82, 95, 114 [data from large California lender showed that 62 percent of its repossessions were voluntary].) But even when the person in possession fully cooperates in surrendering the vehicle, disagreements may arise at the time of transfer. For example, the parties may not agree about (1) the condition of the vehicle, (2) the disposition of personal effects found in the vehicle, or (3) whether any demands, promises, or representations were made by the repossessing agent. (See generally Annot., Secured Transactions: Right of Party to Take Possession of Collateral on Default under UCC § 9-503 (1994), 25 A.L.R.5th 696, 739-783 [propriety of particular repossessions]; 42 Am. Jur. Proof of Facts 3d (1997) Repossession Torts, pp. 370-376.)
The Legislature has determined that such disagreements may be more readily avoided and more easily resolved if the repossessing party is required to take various preventive measures, such as properly notifying possessors when seizures are made, keeping inventories of the personal effects removed, and maintaining records of all transactions, among other requirements. These measures protect not only debtors, but also creditors and repossession agencies, and such protections are important even when the transfers are "voluntary." Hence, the statutory definition of repossession agencies (§ 7500.2) includes persons who recover collateral that is voluntarily surrendered.
We conclude that where a motor vehicle lease has expired, and the lessee voluntarily surrenders possession of the vehicle at his or her residence to a motor vehicle dealer, acting as the agent of and pursuant to a contract with the lessor who holds a security interest in the vehicle, and the dealer thereafter sells the vehicle at a wholesale used vehicle auction, the dealer is required to hold a license as a "repossession agency" under the Act.
[1] All further references to the Business and Professions Code are by section number only.
[2] Auctions conducted by persons who are not motor vehicle dealers are regulated under the Civil Code. (Civ. Code, §§ 1812.600-1812.609; see88 Ops.Cal.Atty.Gen. 41, 44 (2005).)
[3] Article 7 governs the registration of persons who are employees of a licensed repossession agency.